UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD E. KAPLAN, | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 04-10402-RCL |
| FIRST HARTFORD CORPORATION, | ) |
| *Defendant.* | ) |

## ANSWER OF DEFENDANT FIRST HARTFORD CORPORATION

Defendant First Hartford Corporation ("First Hartford"), through its undersigned counsel, hereby answers the allegations set forth in Plaintiff Richard E. Kaplan ("Kaplan")'s Complaint and Demand for Jury Trial (the "Complaint") as follows:

## NATURE OF THE ACTION

This section of the Complaint consists of Kaplan's characterization of this action, to which no response is required. To the extent this section requires a response, First Hartford denies the allegations set forth therein.

## THE PARTIES

1. First Hartford lacks knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 1 of the Complaint. First Hartford denies the allegation in the second sentence of paragraph 1 of the Complaint. The allegation in the third sentence of the first paragraph of the Complaint contains a legal conclusion, to which no response is required.

2. First Hartford admits the allegations in paragraph 2 of the Complaint.

-2-

## JURISDICTION AND VENUE

3.  Paragraph 3 of the Complaint contains legal conclusions, to which no response is required.

4.  Paragraph 4 of the Complaint contains legal conclusions, to which no response is required.

## FACTS

5.  First Hartford admits the allegation in the first sentence of paragraph 5 of the Complaint. First Hartford denies the remaining allegations in paragraph 5 of the Complaint.

6.  First Hartford admits the allegations in paragraph 6 of the Complaint, except denies the allegation that "First Hartford is controlled by Neil H. Ellis."

7.  First Hartford denies the allegations in paragraph 7 of the Complaint, except admits that on or about December 29, 2003 First Hartford sent to its shareholders written notice of the "Annual Meeting of Shareholders" to be held on January 22, 2004 (the "January 2004 Meeting"), that accompanying the notice were certain proxy solicitation materials (the "Proxy Materials"), and that Kaplan purports to base the Complaint on the January 2004 Meeting and the Proxy Materials.

8.  The allegations in paragraph 8 of the Complaint refer to the Proxy Materials, the terms of which speak for themselves.

9.  First Hartford denies the allegations in paragraph 9 of the Complaint.

10. First Hartford denies the allegations in paragraph 10 of the Complaint.

11. First Hartford denies the allegations in paragraph 11 of the Complaint.

12. First Hartford denies the allegations in paragraph 12 of the Complaint.

13. First Hartford denies the allegations in paragraph 13 of the Complaint.

14. The first sentence of paragraph 14 of the Complaint refers to the Proxy Materials, the terms of which speak for themselves. First Hartford denies the remaining allegations in paragraph 14 of the Complaint.

15. The first sentence of paragraph 15 of the Complaint refers to the Proxy Materials, the terms of which speak for themselves. First Hartford denies the remaining allegations in paragraph 15 of the Complaint.

16. The first sentence of paragraph 16 of the Complaint refers to the Proxy Materials, the terms of which speak for themselves. First Hartford denies the remaining allegations in paragraph 16 of the Complaint.

17. First Hartford denies the allegations in paragraph 17 of the Complaint.

18. First Hartford denies the allegations in paragraph 18 of the Complaint.

19. The first sentence of paragraph 19 of the Complaint refers to the Proxy Materials, the terms of which speak for themselves. First Hartford denies the remaining allegations in paragraph 19 of the Complaint.

20. The first sentence of paragraph 20 of the Complaint refers to the Proxy Materials, the terms of which speak for themselves. First Hartford denies the remaining allegations in paragraph 20 of the Complaint.

21. First Hartford denies the allegations in paragraph 21 of the Complaint.

### COUNT I
**(Violation of Section 14(e) of the Securities Exchange Action of 1934, 15 U.S.C. § 78n(e) -- Deceptive and Inadequate Disclosure in Proxy Materials Solicitation)**

22. First Hartford repeats and incorporates by reference its answers to paragraphs 1 through 21 as if fully set forth herein.

23. First Hartford denies the allegations in paragraph 23 of the Complaint.

24. First Hartford denies the allegations in paragraph 24 of the Complaint.

25. First Hartford denies the allegations in paragraph 25 of the Complaint.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Kaplan has failed to state a claim upon which this Court can grant relief.

### Second Affirmative Defense

Kaplan brings this action under Section 14(e) of the Securities Exchange Act of 1934, which does not prohibit the making of material misstatements or omissions under the factual circumstances set forth in the Complaint.

### Third Affirmative Defense

Kaplan has failed to plead adequately that the alleged misrepresentations and omissions were material.

### Fourth Affirmative Defense

Kaplan has failed to plead sufficiently his claims with particularity as required by the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4.

## RESERVATION OF RIGHTS

First Hartford reserves the right to amend its Answer and to assert further defenses as may become available during the course of discovery in this action.

## **REQUEST FOR JURY TRIAL**

First Hartford requests a jury trial on all issues so triable.

        Respectfully submitted,

        FIRST HARTFORD CORPORATION

        By its attorneys,


        _____/s/ Jonathan I. Handler_____
        Jonathan I. Handler, BBO #561475
        DAY, BERRY & HOWARD LLP
        260 Franklin Street
        Boston, MA 02110-3179
        (617) 345-4600

                -and-

        John B. Nolan (*pro hac vice* pending)
        DAY, BERRY & HOWARD LLP
        CityPlace I
        Hartford, CT 06103
        (860) 275-0100

Dated: March 29, 2004

## CERTIFICATE OF SERVICE

  I, Jonathan I. Handler, hereby certify that I have served the within *Answer of Defendant First Hartford Corporation* by causing a copy to be mailed, first class postage prepaid and addressed to Larry C. Kenna, Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts, 02109, on this 29th day of March, 2004.

                /s/ Jonathan I. Handler
                Jonathan I. Handler