UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD E. KAPLAN, <br><br>*Plaintiff,* <br><br> v. <br><br> FIRST HARTFORD CORPORATION, <br><br>*Defendant.* | ) <br> ) <br> ) Civil Action No. 04-10402-RCL <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**JOINT STATEMENT OF COUNSEL PURSUANT TO LOCAL RULE 16.1(D)**

**1.   Rule 26(f)/Local Rule 16.1(D) Conference**

On April 16, 2004, Larry C. Kenna and Robert Rothberg, counsel for plaintiff Richard E. Kaplan ("Kaplan"), and Jonathan I. Handler, counsel for defendant First Hartford Corporation ("First Hartford"), conducted a meeting pursuant to Fed. R. Civ. P. 26(f) and Loc. R. 16.1(D).

**2.   Concise Summary of Positions**

The parties provide the following summaries of their respective positions with respect to liability and relief sought:

(a)   <u>Kaplan</u> -- This is a shareholder action brought by the beneficial owner of more than 19% of the outstanding shares of the stock of the defendant First Hartford Corporation ("FHC"). This action arises out of FHC's proxy solicitation in connection with its "Annual Meeting of Shareholders" held on January 22, 2004. The proxy solicitation materials disseminated by FHC contained false or misleading statements of material fact and omitted to state other material facts necessary to make the materials not false or misleading, in violation of the federal securities laws. The plaintiff seeks (i) to void the shareholder votes taken at the January 2004 meeting; (ii) an order that a new shareholder meeting be called with appropriate

notice and pursuant to proxy materials which are complete, accurate, truthful and not misleading; and (iii) an award to the plaintiff of the costs and expenses of this action, including attorneys' fees.

(b)     First Hartford -- First Hartford denies the material allegations of the Complaint in this action. Specifically, Kaplan's claim is without merit because the proxy solicitation materials referred to in the Complaint contained no false or misleading statements of material fact, nor did they omit to state other material facts necessary to make the materials not false or misleading. Accordingly, there is no basis for voiding the shareholder votes taken at the January 2004 meeting, for calling a new shareholder meeting, or for awarding plaintiff any costs or expenses, including attorneys' fees.

3.      **Proposed Discovery Plan and Case Schedule**

The parties' proposal for a discovery plan is as follows.

(a)     Discovery, including fact and expert depositions, shall be completed on or before October 29, 2004.

(b)     The parties agree that the discovery event limitations provided in Loc. R. 26.1(C) shall apply unless the parties otherwise agree or a party obtains leave of court to exceed those limitations.

(c)     Kaplan's expert disclosures shall be made on or before July 15, 2004. First Hartford's expert disclosures shall be made on or before September 13, 2004.

(d)     Dispositive motions shall be filed on or before November 30, 2004; oppositions shall be filed on or before January 7, 2005; reply briefs shall be filed on or before January 18, 2005.

(e)     The parties will submit witness and exhibit lists in accordance with the schedule set by the Court and as part of the Pretrial Memorandum as provided in Loc. R. 16.5(D).

(f)     The parties estimate that trial of this case will take three (3) to five (5) days.

**4.** **Other Matters**

    (a)    <u>Trial by Magistrate</u>.  The parties do not consent to trial before a U.S. Magistrate Judge.

    (b)    <u>Certifications of Consultation</u>.  Appended to this joint statement at Exhibits 1 and 2, respectively, are Kaplan's and First Hartford's Local Rule 16.1(D) certifications.

    (c)    <u>Settlement Proposals</u>.  Pursuant to Local Rule 16.1(C), Kaplan presented First Hartford with a written settlement proposal on May 3, 2004.  First Hartford will be prepared to respond to that proposal at the Scheduling Conference on May 12, 2004.

**5.** **<u>Agenda</u>**

The parties propose the following agenda for the Scheduling Conference:

    (a)    the discovery plan and case schedule outlined above; and

    (b)    such other matters as the Court may find appropriate and useful to discuss.

Respectfully submitted,

| RICHARD E. KAPLAN | FIRST HARTFORD CORPORATION |
|---|---|
| By his attorneys, | By its attorneys, |
|     /s/ Larry C. Kenna |     /s/ Jonathan I. Handler |
| Larry C. Kenna, BBO #267760 | Jonathan I. Handler, BBO #561475 |
| Robert Rothberg, BBO #430980 | DAY, BERRY & HOWARD LLP |
| CHOATE, HALL & STEWART | 260 Franklin Street |
| Exchange Place | Boston, MA 02110-3179 |
| 53 State Street | (617) 345-4600 |
| Boston, MA 02109 | |
| (617) 248-5000 | -and- |
| | John B. Nolan (admitted *pro hac vice*) |
| | DAY, BERRY & HOWARD LLP |
| | CityPlace I |
| | Hartford, CT 06103 |
| | (860) 275-0100 |

Dated: May 5, 2004

**CERTIFICATE OF SERVICE**

      I, Jonathan I. Handler, hereby certify that on this 5th day of May, 2004, I served a true and correct copy of the foregoing *Joint Statement of Counsel Pursuant to Local Rule 16.1(D)* by facsimile and first class mail on Larry C. Kenna and Robert Rothberg, Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts, 02109.

                                                     /s/ Jonathan I. Handler
                                                     Jonathan I. Handler