UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN,        )<br>                                         )<br>        *Plaintiff,*                      )<br>                                         )<br>v.                                       )   Civil Action No. 04-10402-NMG<br>                                         )<br>                                         )<br>FIRST HARTFORD CORPORATION,  )<br>                                         )<br>        *Defendant.*                   )<br>                                         ) | |

## FIRST HARTFORD CORPORATION'S
## MOTION TO COMPEL PRODUCTION OF DOCUMENTS

### I.    INTRODUCTION

In his complaint, plaintiff Richard Kaplan ("Kaplan") puts squarely at issue his ownership of defendant First Hartford Corporation ("First Hartford")'s common stock. Nonetheless, now, absent any legitimate legal basis, Kaplan refuses to produce documents concerning these holdings. This Court must not permit Kaplan to evade his discovery obligations by withholding documents directly relevant to his own allegations in this case.

### II.   FACTUAL BACKGROUND

Kaplan brings this action against First Hartford for allegedly making a series of misleading statements in its proxy solicitation materials. In the complaint, Kaplan alleges, among other things, that he is the beneficial owner of more than 19% of the outstanding shares of First Hartford's common stock. Compl. ¶ 1. Moreover, Kaplan alleges that "[a]s a shareholder, [he] had the right to vote his shares at the Company's meetings based on complete, accurate, and truthful information." Id.

Kaplan reveals additional – and perhaps inconsistent – information about his shares in a Schedule 13D, which he filed with the Securities and Exchange Commission in January 2004 (the "Schedule 13D") (attached hereto as Exhibit A). Therein, he discloses that he shares voting power over 75% of his shares with his brother, David Kaplan (not a party to this action). In addition, Kaplan states that 111,818 of his shares were transferred to him by his wife on January 23, 2004, only one day after the shareholders meeting at issue in this action.

To elicit in greater detail relevant information about Kaplan's shares, First Hartford, in its First Request for Production of Documents (the "First Request"), sought the following:

> 1.  All documents sufficient to show the number of shares of the common stock of First Hartford ("Shares") that you presently hold, or ever held at any time, and the period during which such shares were held (First Request ¶ 1);
>
> 2.  All documents sufficient to show in whose name your Shares are currently held (id. ¶ 2);
>
> 3.  All documents identifying or describing any person from whom you acquired your Shares (id. ¶ 3);
>
> 4.  All documents sufficient to show with whom you share voting power over any of your Shares (id. ¶ 4); and
>
> 5.  All documents concerning any transaction in which you acquired or conveyed any title or interest in any of the Shares (id. ¶ 5).

Kaplan objected to each of these requests on the grounds that the request was "not reasonably calculated to lead to the discovery of admissible evidence" and stated only that he would produce documents that reflected during the past ten years "he has owned of record and beneficially more than one thousand shares" and "has had sole voting power over more than one thousand shares." Plaintiff's Response to the First Request ¶¶ 1-5.

On July 1, 2004, counsel for the parties conducted a conference pursuant to Local Rule 37.1(A) in an attempt to resolve the parties' dispute with respect to the aforementioned requests. No agreement was reached and First Hartford was compelled to bring this Motion.

### III.   ARGUMENT

Information Sought by First Hartford
Concerning Kaplan's Shares Is Relevant

Kaplan – not First Hartford – put at issue his holdings in First Hartford's common stock. See Compl. ¶ 1. As a result, documents concerning Kaplan's shares are relevant and the Court should compel Kaplan to produce such documents to First Hartford.

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides:

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . .  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1).  For purposes of discovery, the definition of relevance is liberally construed.  See Cabana v. Forcier, 200 F.R.D. 9, 17 (D. Mass. 2001).  As this Court has emphasized, "[t]he broad scope of the discovery rules reflects a policy that 'mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation.'"  Atchison Casting Corp. v. Marsh, Inc., 216 F.R.D. 225 (D. Mass. 2003).

Kaplan initiated the instant action in his capacity as a shareholder of First Hartford.  As set forth above, in the complaint, Kaplan alleges that he "is and was at all relevant times a shareholder of First Hartford, owning beneficially more than 19% of the outstanding shares of the Company's common stock." Compl. ¶ 1.  He also alleges that his status as a shareholder gave him the "right to vote his shares at the Company's meetings based on complete, accurate, and truthful information." Id.  First Hartford is entitled to know whether these allegations are

accurate and supported by fact, i.e., whether Kaplan did, in fact, own beneficially more than 19% of the outstanding shares of First Hartford's common stock *at all relevant times* and whether Kaplan *alone* had voting power to vote his shares.

Kaplan's refusal to produce documents related to his shares of First Hartford common stock is curious. If Kaplan's assertions can be substantiated, he should simply produce responsive documents and put First Hartford's suspicions to rest.

In addition to Kaplan's evasiveness, the information set forth in the Schedule 13D gives First Hartford reason to doubt the accuracy of Kaplan's allegations. According to Schedule 13D, at the time of the filing, Kaplan had sole voting power over only 25% of his shares and shared voting power over the remaining 75% with his brother, David Kaplan. Moreover, the filing discloses that 111,818 of Kaplan's shares were transferred to him by his spouse on January 23, 2004, only one day after the January 2004 shareholders meeting at issue in the complaint. Neither of these facts can be gleaned from reading the complaint. On the contrary, Kaplan's allegation concerning "the right to vote *his* shares" suggests that he alone has the power to do so.

To enable First Hartford to determine the accuracy of Kaplan's allegations, this Court should compel Kaplan to produce the relevant documents concerning his shares sought in First Hartford's requests.

## IV.    CONCLUSION

For the above-stated reasons, First Hartford respectfully requests that this Court grant its Motion.

Respectfully submitted,

FIRST HARTFORD CORPORATION

By its attorneys,

    /s/ Jonathan I. Handler
Jonathan I. Handler, BBO #561475
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA 02110-3179
(617) 345-4600

-and-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated: August 27, 2004

## **CERTIFICATE OF SERVICE**

      I, Jonathan I. Handler, hereby certify that on this 27th day of August, I served a true and correct copy of the foregoing *First Hartford Corporation's Motion to Compel Production of Documents* via first class mail on Larry C. Kenna, Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts, 02109.

                                                    /s/ Jonathan I. Handler
                                                    Jonathan I. Handler