# Exhibit A

# CHOATE, HALL & STEWART
A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 • FAX (617) 248-4000

WWW.CHOATE.COM

LARRY C. KENNA, P.C.
DIRECT DIAL: (617) 248-2113
EMAIL: LKENNA@CHOATE.COM

June 7, 2004

BY FACSIMILE AND FIRST CLASS MAIL
Jonathan I. Handler, Esq.
Day, Berry & Howard LLP
260 Franklin Street
Boston, MA 02110

Re:  Richard E. Kaplan v. First Hartford Corporation (C. A. No. 04-10402-RCL)

Dear Jonathan:

I write to bring to your attention the numerous deficiencies in the Defendant First Hartford Corporation's Response to Plaintiff Richard E. Kaplan's First Request for Production of Documents (the "Responses").

As an initial matter, in a footnote to the Responses, you state that Mr. Kaplan never served a formal document request pursuant to Rule 34 of the Federal Rules of Civil Procedure, "but rather asked First Hartford to treat an April 13, 2004, letter as such." You are correct that, after several written requests for the corporation's documents on behalf of Mr. Kaplan as a shareholder of First Hartford, dating back to January 29, 2004, and after your consistent refusal (even in the face of your client's apparent willingness to produce certain documents) to make any meaningful document production, I hand-delivered a letter to you on April 13, 2004, requesting that you bring with you to our Rule 26(f) conference on April 16 the nine categories of documents set forth in the Responses. As I said at the time: "These documents are relevant to both our claims and your defenses in this case and are discoverable in this case. In the spirit of the Federal Rules and the Local Rules of the District of Massachusetts, which require both automatic and early disclosure of such documents, the requested documents should be provided to us forthwith." Despite the rules' encouragement of cost effective discovery by means of a voluntary exchange of information through the use of "informal, cooperative discovery practices in which counsel provide information to opposing counsel without resort to formal discovery procedures ... ", you did not produce any documents at the Rule 26(f) conference on April 16, and refused to produce any documents without a formal document request. At some point you did relent a bit, suggesting that we treat my April 13 letter as a request for the production of documents which you would respond to in accordance with the Federal Rules. While I declined

3706603v1

June 7, 2004
Page 2

that suggestion initially, later you and I agreed that the April 13 letter would serve as a request for the production of documents. Now, nearly 5 months after Mr. Kaplan's request, First Hartford has given him a written response to his request that contains 14 "General Objections and Conditions of Production," apparently only agreeing to produce some documents in response to 5 of his 9 requests.

With respect to Document Request Nos. 1, 4, 5, 6 and 9, the requests where you indicate at least in part that "First Hartford will produce non-privileged documents in its possession, custody or control that are responsive" to the request, I ask that you immediately produce the responsive documents or call me to make arrangements to do so. I am confident that I need not remind you of your obligations under the rules with respect to documents you are withholding from production on a claim of privilege.

In response to Document Request Nos. 2 and 3, which ask for the proxies submitted to First Hartford by shareholders in connection with the January 22, 2004 Shareholders Meeting and the list of shareholders used in connection with the mailing of the Proxy Materials for that meeting, you have not made--nor could you make--a specific objection on the basis of relevance. In particular with respect to the shareholder list, we argued the relevance issue before Judge Lindsay on May 12, and the Judge was clearly not convinced by any of your arguments against the production of the list. At that time you did not raise the specter of the need for a protective order. However, now you have refused to produce the proxies and the shareholder list unless Mr. Kaplan signs a protective order, the likes of which is unprecedented in matters such as this where the information sought is not proprietary, trade secret, confidential or privileged information. Under no circumstances will Mr. Kaplan agree to such a "protective order" as you propose. We must confer on this issue in good faith to narrow our areas of disagreement to the greatest possible extent or the plaintiff will seek to compel the unfettered production of the proxies and the shareholder list.

In response to Document Request No. 5, which asks for the records of meetings of First Hartford's Board of Directors and all committees thereof, "and actions taken without a meeting," since the February, 1986 Shareholders Meeting, you have objected in part on the grounds that "actions taken without a meeting" is vague and ambiguous. This is a rather curious objection since First Hartford is required by the law of the state of its incorporation to keep such records as permanent records of the corporation. The Maine Business Corporation Act, Tit. 13-C, Section 1601, provides: "1. Minutes of Meetings. A corporation shall keep as permanent records minutes of all meetings of its shareholders and board of directors, a record of all actions taken by the shareholders or board of directors without a meeting and a record of all actions taken by a committee of the board of directors in place of the board of directors on behalf of the corporation." The "vague and ambiguous" objection is a spurious one, advanced solely for obstruction, and should be withdrawn. First Hartford must produce the records it has that show all actions taken by the Board of Directors and all committees thereof by whatever means the

3706603v1

June 7, 2004
Page 3



Directors or committees use or have used to conduct company business both with and without a formal meeting.

     Also in response to Document Request No. 5, and in response to Document Request No. 6 (which seeks all communications with shareholders of First Hartford since the 1986 Shareholders Meeting), you have objected on over breadth and burdensomeness grounds because the requests seek documents for a period of 18 years. The request is not overbroad or unduly burdensome because there had not been a shareholders meeting of First Hartford for 18 years before the January, 2004 meeting. In essence, all Mr. Kaplan is asking for is the corporation's communications with its shareholders from the date of the last shareholders meeting to the present, hardly an overbroad or unduly burdensome request. While you have agreed to produce some documents responsive to these requests, your condition that you will only produce documents "within a reasonable period" is illusory and unacceptable. We must confer on this issue in good faith to narrow our areas of disagreement to the greatest possible extent or the plaintiff will seek to compel the production of all of the requested documents.

     Also in response to Document Request No. 6, and in response to Document Request No. 9 (which seeks all documents filed with the SEC relating to First Hartford since 1986 by Neil Ellis, Stuart Greenwald and David Harding), your objections seem to indicate that you will not produce documents that you deem to be "publicly available." Further, you have included as one of your 14 "General Objections and Conditions of Production" an objection to producing documents "that are equally or more accessible to Kaplan." (See your #13 on page 3 of your General Objections.) Neither of these objections can excuse First Hartford from producing corporate documents in its possession, custody or control that are the subject of requests 6 and 9. Nevertheless, we are willing to forego your production of those filings which are available on-line through the SEC EDGAR system. However, those filings that are in your possession and "publicly available" only at the SEC office in Washington and not on-line are not "equally available" to Mr. Kaplan. The fact that they are "publicly available," cannot be used to force Mr. Kaplan to send a representative to Washington to sift through microfiche to obtain access to documents that your client keeps (indeed, may be required by law to keep) in the ordinary course of its business. We must confer on these issues in good faith to narrow our areas of disagreement to the greatest possible extent or the plaintiff will seek to compel the production of all these documents.

     Finally, and perhaps most importantly, in response to Document Request No. 7, which asks for documents relating to transactions between First Hartford (or any corporation or partnership in which First Hartford has an ownership interest) and Neil Ellis or any entity controlled by him that were entered into or consummated since the 1986 Shareholders Meeting, you have interposed practically every conceivable objection typically seen in boilerplate responses to discovery requests and then "refer" the plaintiff to two pages of the very Proxy Materials that the plaintiff contends in this case are defective, false and misleading. If your

3706603v1

June 7, 2004
Page 4

response is that the only transactions between First Hartford and Mr. Ellis since 1986 are the ones misleadingly referenced in the Proxy Materials at pages 7 and 8, this response is still inadequate and in violation of your discovery obligations. The plaintiff is entitled to see the documents underlying the transactions to test the representations made in the Proxy Materials against the actual transaction. We must confer on this issue in good faith to narrow our areas of disagreement to the greatest possible extent or the plaintiff will seek to compel the production of all of the requested documents.

    The rules require that we confer within 7 days. I propose that we have a telephone conference on Wednesday or Thursday of this week, the 9th or 10th, at 11:00 a.m., to comply with our obligations under the rules.

Very truly yours,

Larry C. Kenna, P.C.

cc:    Richard E. Kaplan, Esq.
       Robert Rothberg, Esq.

3706603v1