# Exhibit B

Case 1:04-cv-10402-NMG	Document 14-3	Filed 09/10/2004	Page 1 of 4

# Day, Berry & Howard LLP

COUNSELLORS AT LAW

Jonathan I. Handler
Direct Dial: (617) 345-4734
E-mail: jihandler@dbh.com

May 28, 2004

**VIA FACSIMILE AND U.S. MAIL**

Larry C. Kenna, Esq.
Choate, Hall & Stewart
Exchange Place
53 State Street
Boston, MA 02109

    Re:    **Richard E. Kaplan v. First Hartford Corporation**
            C.A. No. 04-10402-RCL

Dear Larry:

    I am writing to address numerous deficiencies in Mr. Kaplan's responses to First Hartford Corporation ("First Hartford")'s First Set of Interrogatories and First Request for Production of Documents. These deficiencies are set forth in detail below.

**Interrogatories**

    In response to **Interrogatory No. 2** (state the basis for your contention that the "[p]roxy materials provided to shareholders were materially false and misleading in several respects"), **Interrogatory 4** (state the basis for your contention that the "First Hartford Board of Directors does not fulfill the functions of an audit committee"), **Interrogatory 5** (state the basis for your contention that the "First Hartford Board of Directors does not even pretend to fulfill the role of a compensation committee"), and **Interrogatory 6** (state the basis for your contention that the "Plaintiff has been irreparably harmed"), Mr. Kaplan refers First Hartford to the allegations contained in the Complaint. These responses do not provide the substantive information requested, i.e., identification of all documents, communications, acts/omissions, or any other facts that form the <u>basis</u> of the allegations in question.

    **Interrogatory No. 7** asks Mr. Kaplan to "[s]tate the number of shares of the common stock of First Hartford that you presently hold, or ever held at any time, and the period during which such shares were held." In response, Mr. Kaplan states that "he has owned of record and beneficially, with sole voting power over, more than one thousand shares of the common stock of First Hartford at all times during the part ten years." Mr. Kaplan's response does not provide the information requested.

260 Franklin Street | Boston, MA 02110 | t 617 345 4600 f 617 345 4745

Boston   Greenwich   Hartford   New York   Stamford   www.dbh.com

Day, Berry & Howard LLP

Larry C. Kenna, Esq.
May 28, 2004
Page 2

**Interrogatory No. 8** asks Mr. Kaplan for information regarding the transfer of shares to him by his wife on January 23, 2004. In response, Mr. Kaplan objects to this interrogatory on the ground that it "seeks information not reasonably calculated to lead to the discovery of admissible evidence." This request seeks information directly related to Mr. Kaplan's status as a shareholder of First Hartford. Moreover, the transfer at issue occurred just one day after the shareholder meeting that figures so prominently in Mr. Kaplan's Complaint. Therefore, this request is reasonably calculated to lead to the discovery of admissible evidence.

**Interrogatory No. 9** asks Mr. Kaplan to "[i]dentify any person[s] with whom you share voting power over any of your Shares." In response, Mr. Kaplan states that "he has owned of record and beneficially, with sole voting power over, more than one thousand shares of the common stock of First Hartford at all times during the past ten years." This response, which mimics Mr. Kaplan's response to Interrogatory No. 7, does not provide the information requested.

### Document Requests

**Request No. 4** seeks documents "sufficient to show with whom you share voting power over any of your Shares." In response, Mr. Kaplan states that "at all times during the past ten years he has had sole voting power over more than one thousand shares." Mr. Kaplan does not agree, however, to produce the requested documents, nor does he offer any plausible reason for why he cannot do so.

**Request No. 7** seeks documents concerning communications between Mr. Kaplan and any others concerning "(i) First Hartford, (ii) the Shares, (iii) any of the allegations or substance of the Complaint, or (iv) any meeting of First Hartford's shareholders or any proxy statement for such meeting, or any issues or proposals considered at such meeting." In response, Mr. Kaplan objects to this request as "overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and [on the ground] that it seeks documents protected from disclosure by the attorney client privilege and the work product doctrine." Mr. Kaplan does not agree to produce documents in response to this request, which is narrowly tailored to seek documents directly related to the allegations in Mr. Kaplan's Complaint. Moreover, Mr. Kaplan does not state the basis for his assertion that these documents are protected from disclosure by the attorney client privilege or the work product doctrine.

Day, Berry & Howard LLP

Larry C. Kenna, Esq.
May 28, 2004
Page 3

      As the foregoing makes clear, Mr. Kaplan has not satisfied his discovery obligations as set forth in Rules 26, 33, and 34 of the Federal Rules of Civil Procedure. Accordingly, please provide supplemental responses to the Interrogatories and Document Request as soon as possible.

      We look forward to hearing from you.

Sincerely,

Jonathan I. Handler

cc:    First Hartford Corporation
       John B. Nolan, Esq.
       Martin Budd, Esq.