# Exhibit C

# CHOATE, HALL & STEWART

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

LARRY C. KENNA, P.C.
DIRECT DIAL: (617) 248-2113
EMAIL: LKenna@Choate.com

EXCHANGE PLACE

53 STATE STREET

BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 · FAX (617) 248-4000

WWW.CHOATE.COM

June 7, 2004

BY FACSIMILE AND FIRST CLASS MAIL
Jonathan I. Handler, Esq.
Day, Berry & Howard LLP
260 Franklin Street
Boston, MA 02110

     Re:    Richard E. Kaplan v. First Hartford Corporation (C. A. No. 04-10402-RCL)

Dear Jonathan:

     I write in response to your letter to me dated May 28, 2004, in which you purport to identify "numerous deficiencies" in Mr. Kaplan's responses to First Hartford Corporation's First Set of Interrogatories and First Request for Production of Documents, and request supplemental responses "as soon as possible."

     I have carefully reviewed the points contained in your letter, and find only one of them to merit any serious consideration.

     With respect to Mr. Kaplan's answers to Interrogatories 2, 4, 5 and 6, the answers provided, which refer you to the detailed paragraphs of the Complaint, are fully responsive and completely adequate. The Complaint sets forth in detail and quite extensively the numerous defects in the proxy materials that the plaintiff contends are materially false and misleading. The Complaint at paragraphs 9, 11-20, and 23-24 quite succinctly states the bases for the plaintiff's contentions of First Hartford Corporation's violations of the federal securities laws and for the harm to plaintiff and other shareholders as a result of First Hartford's false and misleading proxy solicitation. No supplementation of these answers is required, nor will any be forthcoming.

     With regard to Mr. Kaplan's answers to Interrogatories 7 and 9, Mr. Kaplan has appropriately objected and, without waiving his objections, has answered that for the past 10 years he has owned of record and beneficially, with sole voting power over, more than 1000 shares of the common stock of First Hartford. These answers provide you with all of the information relevant to your inquiries regarding Mr. Kaplan's share holdings and voting power. The additional information you seek on those subjects is completely irrelevant to this case, and

June 7, 2004
Page 2

you have failed to explain in your letter why you think it is discoverable. No supplementation of these answers is required, nor will any be forthcoming.

Your Interrogatory 8 wrongfully seeks to obtain information from Mr. Kaplan regarding a transfer of shares to him by his wife after the meeting in question in this case. In your letter you claim that this Interrogatory 8 seeks information directly related to Mr. Kaplan's status as a shareholder and emphasize that the transfer of shares occurred "just one day" after the shareholder meeting in question. You then make the bold--but unsupported--statement that "this request is reasonably calculated to lead to the discovery of admissible evidence." Your claims and your statement are absurd. There is no genuine issue of material fact in this case relating to Mr. Kaplan's status as a shareholder prior to the meeting in question, and Mr. Kaplan's acquisition of additional shares after that meeting (even one day after that meeting) is of no relevance whatsoever to this case. No supplementation of this answer is required, nor will any be forthcoming.

You further complain about Mr. Kaplan's responses to 2 of your 9 document requests.

With respect to Mr. Kaplan's response to Document Request No. 4, the plaintiff has made an appropriate objection and, without waiving that objection, has confirmed for you what First Hartford Corporation's own records show: that Mr. Kaplan has at all times during the last 10 years had sole voting power over more than 1000 shares of the common stock of First Hartford. There can be no genuine dispute over those facts. You offer no explanation in your letter why the production of any documents that Mr. Kaplan might have which confirm these undisputed facts is necessary in this case. Further, you fail to explain how any documents that Mr. Kaplan might have which show with whom he shares voting power over any of his shares is relevant to any issue in this case. No supplementation of this response is required, nor will any be forthcoming.

Regarding Mr. Kaplan's response to Document Request No. 7, in your letter you characterize this request as "narrowly tailored to seek documents directly related to the allegations in Mr. Kaplan's Complaint." Of course it is not so "narrowly tailored" since it is unlimited in time and seeks documents between Mr. Kaplan and "any other persons." This request is patently designed to discover privileged communications between Mr. Kaplan and his counsel. No supplementation of this response is required, nor will any be forthcoming. That said, however, and although Mr. Kaplan's response to Document Request No. 7 is fully compliant with L. R. 34.1 (E), the plaintiff will comply with the requirements of Fed. R. Civ. P. Rule 26 (b) (5).

I have received Defendant First Hartford Corporation's Response to Plaintiff Richard E. Kaplan's First Request for Production of Documents. By a separate letter I will be addressing the

June 7, 2004
Page 3


numerous deficiencies in those responses and requesting a L.R. 37.1 (B) conference to discuss them.

Very truly yours,

Larry C. Kenna, P.C.

cc:    Richard E. Kaplan, Esq.
       Robert Rothberg, Esq.


3706175v1