UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

RICHARD E. KAPLAN,

*Plaintiff,*

v.

FIRST HARTFORD CORPORATION,

*Defendant.*

Civil Action No. 04-10402-NMG

**STIPULATED PROTECTIVE ORDER**

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over confidentiality, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is, pursuant to the Court's authority under Fed. R. Civ. P. 26 and with the consent of the parties, ORDERED as follows:

1. In responding to requests for discovery in this action, any party or non-party (the "producing party"), may designate as confidential any document, testimony, answers to interrogatories, or other information or discovery material that the producing party in good faith believes contains trade secrets or other sensitive commercial, financial, personal, or proprietary business information or that is required to be maintained as confidential pursuant to any court order, settlement, or other contractual agreement. Such designation shall be by written notice identifying the confidential document, testimony, answers to interrogatories, response to request for admission, or other information or discovery material, or by affixing to each page of such material the legend "Confidential--Subject to Protective Order." Designation of such material will also render confidential any copies, excerpts, summaries, or other disclosure of the substance or contents of such material. Documents so marked or identified and all information

derived therefrom ("Confidential Material") shall be treated in accordance with the terms of this Order. The Defendant's stockholder list and proxy records shall not be subject to this Order, but shall be subject only to such restrictions, if any, as the Court may determine in its Order upon Plaintiff's motion to compel the production thereof.

2. In the case of depositions, designation of a portion of the transcript (including exhibits) that contains Confidential Material shall be made by a statement to such effect on the record during the course of the deposition, or within ten (10) business days after the transcript becomes available. Pending the expiration of such ten-day period, transcripts shall be treated as Confidential Material in their entirety. If the designation is made during the deposition with regard to only a portion of the deposition, the reporter attending such deposition shall thereafter bind the transcript thereof and separate portions containing the Confidential Material, and the reporter shall place the appropriate legend on the cover of the confidential portions of the transcripts. Notwithstanding the foregoing, counsel retain the right to designate the entire deposition transcript as confidential. If the designation is made after receipt of the transcript of the deposition, all parties shall be notified, in writing, of the pages which are to be treated as confidential. (The parties may modify this procedure for any particular deposition through agreement of all parties attending such deposition, as reflected on the record of such deposition, without further court order.) The party designating a portion of a transcript as confidential shall bear any extra charges from the court reporter relating to the separate binding of the confidential portion.

3. All Confidential Material received through discovery in this action (a) shall be used solely for the prosecution and/or defense of litigation involving the parties, including

without limitation this action, and (b) shall be copied only as reasonably necessary in the opinion of counsel.

4. Any documents that contain or reflect confidential matter and that have been produced by any party or non-party prior to the date of this Order may be designated as "Confidential Material" by notifying counsel for the receiving parties to designate, mark or stamp such documents as indicated in paragraph 1 above.

5. Any document not designated as Confidential Material shall not be covered by this Protective Order, provided, however, that inadvertent production of any document without a designation of "Confidential" shall not waive a party's claim of confidentiality as to such document, and the producing party may within thirty (30) days after discovery of the inadvertent production designate the same as "Confidential." Disclosure by any party or non-party of such matter prior to notice by the producing party of the confidential nature thereof shall not be deemed a violation of this Order.

6. Except with the prior consent of the producing party, no Confidential Material may be disclosed to any person other than: (a) attorneys for the parties; (b) secretaries, paralegal assistants, and other employees of such attorneys assisting in the preparation of this action; (c) employees of parties or their counsel involved solely in one or more aspects of organizing, filing, coding, converting, storing, or retrieving data or designating programs for handling data connected with these actions, including the performance of such duties in relation to a computerized litigation support system; (d) outside copying services and third-party contractors performing one or more of the functions listed in Section (c) above; (e) consultants and experts retained for the purpose of assisting in the preparation of this action; (f) parties to this action or directors, officers, managing agents, or employees of any party to this action; (g) persons who

testify or who may testify at depositions or at trial; (h) the "Court" (including the jury and any special master appointed by the Court) at any stage in this action, under seal or under such other safeguards as the Court may require; (i) any mediators and/or arbitrators the parties may choose to retain in connection with this matter; (j) insurers, reinsurers, or auditors for the parties; and (k) court reporters recording the proceedings in this action, provided that: before disclosing any designated Confidential Material in accordance with Section (e) of this Paragraph, counsel for the party intending to make the disclosure must first obtain an agreement in writing (in the form attached hereto as Exhibit "A") from the person ("Confidant") to whom disclosure is to be made reciting that the Confidant has read a copy of this Order and agrees to be bound by its provisions. Counsel shall be responsible for maintaining a list of all Confidants as well as copies of agreements signed by them. For good cause shown, such list and agreements shall be made available for inspection by counsel for other parties upon order of this Court.

7. Notwithstanding any other provisions of this Order, nothing herein shall prohibit attorneys for a party from disclosing Confidential Material to the person the document expressly identifies as author, addressee, recipient, or subject of such document.

8. Any party wishing to use as an exhibit or to incorporate in any other manner in briefs, memoranda, transcripts, or testimony or other documents filed with the Court or otherwise make a part of the record materials designated as Confidential Material by the other party shall give the designating party not less than 3 business days notice so that the party designating such materials as Confidential Material may seek the Court's permission to have the relevant documents filed under seal consistent with the provisions of Local Rule 7.2 of the United States District Court for the District of Massachusetts; provided, however, that nothing herein shall prevent a party from making oral references to Confidential Material in proceedings before the

Court, subject to the right of the party claiming confidentiality to request that that portion of the transcript of such proceedings be sealed.

9. Any party shall have the right to challenge any designation of confidentiality by a producing party by seeking an order of the Court with respect to any Confidential Material. In any such application, the burden of establishing the need for confidentiality of a document shall be upon the proponent of confidentiality, and no inference shall be drawn from the fact that the document previously was designated as confidential pursuant to this Order. Before any party seeks relief from the Court under this Paragraph, the parties shall make a good faith effort to resolve any dispute concerning the confidential treatment of any document.

10. Nothing herein shall preclude any party or non-party from raising any available objection or seeking available protection with respect to any designated Confidential Material, or the contents thereof, including, without limitation, the admissibility of evidence, materiality, attorney work product, and any privilege.

11. The inadvertent production of any document claimed to be protected from disclosure as work product or by the attorney-client or other privilege shall not waive or impair any claim of privilege or immunity. In the event of inadvertent production of any document claimed to be protected, and upon receiving written notice that such document has been inadvertently produced, such document and any copies thereof shall be returned to the producing party within three (3) business days of receipt of notice from the producing party. Any written notice pursuant to this Confidential Material provision must be provided at least thirty (30) days before the commencement of trial or such notice shall be of no effect.

12. Within ninety (90) days of the conclusion of this action, including, without limitation, any appeal or re-trial, all counsel and every person to whom designated Confidential

Material has been disclosed shall return to counsel for the producing party or to the non-party all such designated Confidential Material, including all copies thereof, with the exception of documents containing the work product of a party other than the producing party, which shall be maintained pursuant to the continuing duty of non-disclosure set forth in Paragraph 13.

13. After the termination of this action, this Order shall continue to be binding upon the parties hereto and all persons to whom designated Confidential Material has been disclosed or communicated.

14. If any party covered by this Order at any time applies to the Court for relief from any provision of this Order, or if the parties jointly petition the Court for a modification hereof, the Court may provide appropriate relief from this Order, including, but not limited to, modifying the terms hereof.

**RICHARD E. KAPLAN**

By his attorneys,

/s/ Larry C. Kenna
Larry C. Kenna, P.C. (BBO# 267760)
CHOATE, HALL & STEWART
Exchange Place
53 State Street
Boston, MA 02109
(617) 248-5000

**FIRST HARTFORD CORPORATION**

By its attorneys,

/s/ Jonathan I. Handler
Jonathan I. Handler (BBO# 561475)
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA 02110
(617) 345-4600

Subject, specifically, to the provisions of Local Rule 7.2.

SO ORDERED:

Nathaniel M. Gorton 11/29/04
Hon. Nathaniel M. Gorton
United States District Judge

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

RICHARD E. KAPLAN,

*Plaintiff,*

v.

FIRST HARTFORD CORPORATION,

*Defendant.*

Civil Action No. 04-10402-NMG

**NONDISCLOSURE AGREEMENT**

I, ______________________, state that I am [job/title] of __________________ [company] and that I have read and understand the terms of the Stipulated Protective Order (the "Order") entered in this action, which action is now pending in the United States District Court for the District of Massachusetts, and agree to be bound by its terms.

Pursuant to the terms of the Order, I hereby agree (1) not to reveal any Confidential Material to any person not so authorized by the Order, and (2) to use such Confidential Material solely for the prosecution and/or defense of litigation involving the parties, including without limitation this action.

I further agree to submit to the jurisdiction of this Court in any proceeding to enforce the Order.

Signed: ______________________________

Dated: ______________________________

Firm or Company: ________________________