UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, | ) |
| *Plaintiff,* | ) |
| v. | ) Civil Action No. 04-10402-NMG |
| FIRST HARTFORD CORPORATION, | ) |
| *Defendant.* | ) |

**FIRST HARTFORD CORPORATION'S
MOTION FOR RECONSIDERATION OR FOR CLARIFICATION**

**INTRODUCTION**

Defendant First Hartford Corporation ("FHC") brings this Motion for Reconsideration or for Clarification of that portion of this Court's November 30, 2004 Memorandum and Order granting plaintiff Richard E. Kaplan ("Kaplan")'s motion to compel the production of FHC's shareholder list (the "Memorandum and Order"). By this motion, FHC asks this Court to reevaluate its decision in light of (i) a Maine Superior Court order -- issued on the same day as this Court's Memorandum and Order -- dismissing an action brought by Kaplan seeking production of FHC's shareholder list, i.e., the same list that this Court has ordered FHC to produce, and (ii) a November 23, 2004 demand made by Kaplan's counsel for the current list of FHC shareholders.

**ARGUMENT**

On July 9, 2004, Kaplan moved this Court to compel the production of FHC's shareholders list used in connection with the mailing of proxy materials for a January 23, 2004 meeting (the "January List"). In his motion, Kaplan stated that, on January 29, 2004, his

counsel, Robert Rothberg, sent a letter to FHC's President, Neil Ellis, demanding that Kaplan be permitted to inspect and copy the list so that he could "communicate with other shareholders concerning First Hartford" (the "January 29 Letter" (attached hereto as Exhibit 1)). (January 29 Letter at 2.) Kaplan contended that FHC wrongfully refused his demand. FHC filed its opposition to Kaplan's motion on July 23, 2004.

Without waiting for a ruling from this Court, on October 28, 2004, Kaplan filed two identical complaints -- one in the Superior Court for Kennebec County in Maine (the "Maine State Action") and one in the United States District Court for the District of Maine (the "Maine Federal Action") -- seeking precisely the same relief, i.e., the right to inspect and copy the January List. (See Complaint in Maine State Action (attached hereto as Exhibit 2) and Complaint in Maine Federal Action (attached hereto as Exhibit 3).) In both actions, Kaplan alleged that he was entitled to the list because he had complied with the prerequisites of the governing Maine statute, 13-C M.R.S. § 1604.[1] And, in both actions, Kaplan again relied upon the January 29 Letter.

FHC filed motions to dismiss the Maine State Action and the Maine Federal Action on November 18 and 19, 2004, respectively. It argued, among other things, that the state and federal courts should deny Kaplan access to the shareholders list because he had neither stated a proper purpose for the list nor described with reasonable particularity his purpose in seeking the list, as required by the Maine statute. See 13-C M.R.S. § 1602(4)(A) (stating that a shareholder's

---

[1] Section 1604(2) vests the Superior Court in Kennebec County with the authority to decide Kaplan's claim against FHC under the statute. See 13-C M.R.S. § 1604(2) ("If a corporation does not within a reasonable time allow a shareholder to inspect and copy any other record pursuant to this Act, the shareholder . . . may apply to the Superior Court in the county where the corporation's principal office or registered office is located for an order to permit inspection and copying of the records demanded.").

demand must be made "for a proper purpose"); 13-C M.R.S. § 1602(4)(B) (stating that a shareholder's demand must "describe[] with reasonable particularity the shareholder's purpose and the records the shareholder desires to inspect"). While FHC's motions were pending, on November 23, 2004, Kaplan's counsel served a written demand on FHC for the "most up-to-date record of shareholders" (the "November 23 Letter" (attached hereto as Exhibit 4). According to the November 23 Letter, Kaplan seeks the current list so that he can "communicat[e] with other record shareholders prior to the next shareholders' meeting" and "wage an effective proxy campaign on behalf of his proposal to amend the Bylaws of FHC to require an independent Board of Directors." (November 23 Letter at 1.)

On November 30, 2004, the Superior Court agreed with FHC and dismissed the Maine State Action. (See Decision and Order (attached hereto as Exhibit 5) at 7.) The Court held that Kaplan "has not complied with [the Maine statute] because *he did not articulate 'a proper purpose' for the list with 'reasonable particularity' in his demand letter*." (Id. at 6 (emphasis added).) Moreover, the Court emphasized that:

> [i]f [Kaplan's stated purpose] were to suffice as a basis to demand a shareholder list, the statute which allows the release of such records "only if," 13-C M.R.S. § 1602(4), a particularized purpose were shown would be meaningless and any open-ended, vaguely articulated reason for a shareholders list could result in an order for its surrender.

(Id.) In light of the Superior Court's decision, Kaplan immediately volunteered to dismiss the Maine Federal Action. The federal court in Maine has instructed the parties to file a stipulation of dismissal by December 30, 2004.

Also on November 30, 2004, this Court issued its Memorandum and Order (attached hereto as Exhibit 6), wherein it directed FHC to produce the January List (Memorandum and Order at 2.) This Court limited its holding, however, by stating that Kaplan may only use the list for "any *proper purpose*." (Id. (emphasis added).) The Court does not, however, define "proper

purpose," indicate whether the Maine statute provides the applicable standards, or opine on whether the stated purpose in Kaplan's January 29 Letter is proper.

This Court should reconsider the portion of its Memorandum and Order instructing FHC to turn over the shareholders list for two reasons: (i) because, as the Maine Superior Court ruled, Kaplan has not stated "'a proper purpose' for the list with 'reasonable particularity'"; and (ii) because Kaplan cannot cure this deficiency. As an initial matter, this Court has instructed Kaplan that he may only use the January List for a proper purpose. (Memorandum and Order at 2.) Pursuant to the Maine court's ruling, however, Kaplan has not stated a proper purpose. (Decision and Order at 6.) Thus, Kaplan cannot comply with this Court's directive.

Moreover, Kaplan *cannot* state a proper purpose. Kaplan's complaints in both Maine actions, as well as his November 23, 2004 demand, demonstrate that the purpose for which he seeks FHC's shareholders list is to communicate with the shareholders prior to the next shareholders meeting about his desire for an independent board of directors. Kaplan cannot contend that the January List, which is almost one year old, could serve this purpose. Only a current list of FHC shareholders would suffice. Accordingly, Kaplan cannot, as a matter of law, state a proper purpose for seeking the January List and this Court should deny his motion to compel.

Even if Kaplan could state a proper purpose for the January List, which he cannot, Maine law does not permit Kaplan to make a new demand now for the January List. Rather, the statute only permits a shareholder to demand a *current* list of the corporation's shareholders. As Section 1603(4) provides, the corporation may comply with a shareholder's demand only by producing "a list of shareholders that was compiled *no earlier* than the date of the shareholder's demand."

13-C M.R.S. § 1603(4).  Because Kaplan cannot now make a proper demand for the January List, the Court should refuse Kaplan's request for production.

If this Court declines FHC's request to reconsider its Memorandum and Order, in the alternative, FHC respectfully requests that this Court clarify that portion of its decision wherein it states that "plaintiff may use the list for any proper purpose" and instruct Kaplan that to satisfy this "proper purpose" limitation, he must first demonstrate that he seeks the list for a purpose reasonably related to his interest as a stockholder as required by both the Maine Superior Court and the Maine statute.

For the above-stated reasons, FHC respectfully requests that this Court grant its motion.

Respectfully submitted,

FIRST HARTFORD CORPORATION

By its attorneys,

    /s/ Jonathan I. Handler
Jonathan I. Handler, BBO #561475
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA 02110-3179
(617) 345-4600

-and-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated: December 3, 2004

## **LOC. R. 7.1(A)(2) CERTIFICATION**

     I, Jonathan I. Handler, hereby certify that on December 3, 2004, I conferred with Larry C. Kenna, counsel for plaintiff Richard E. Kaplan, in a good faith attempt to resolve or narrow the issues raised by this motion.

                                      /s/ Jonathan I. Handler
                                       Jonathan I. Handler

**CERTIFICATE OF SERVICE**

    I, Jonathan I. Handler, hereby certify that on this 3rd day of December, I served a true and correct copy of the foregoing *First Hartford Corporation's Motion for Reconsideration or for Clarification* via first class mail on Larry C. Kenna, Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts, 02109.

                                                  /s/ Jonathan I. Handler
                                                Jonathan I. Handler