# EXHIBIT 5

**RECEIVED**

STATE OF MAINE

KENNEBEC, ss.

NOV 30 2004

RUDMAN & WINCHELL
LAW OFFICES

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-245

RICHARD E. KAPLAN,

    Plaintiff

v.                                          **DECISION AND ORDER**

FIRST HARTFORD CORPORATION,

    Defendant

Pending before the court is a pleading entitled "Complaint and Application on Expedited Basis Under 13-C M.R.S.A. § 1604 for Order to Permit Inspection of Record of Shareholders." As its title suggests, this complaint invokes Title 13-C M.R.S.A. § 1604(2) which requires this court to expeditiously dispose of an application filed under this subsection for an order directing a corporation to provide a shareholder with records he has demanded which, in this case, is a list of shareholders.

The parties have cooperated in accommodating the legislative mandate to act on this complaint quickly. Thus, the defendant, after an initial conference telephone call, filed a Motion to Stay or Dismiss and a second conference call was conducted with counsel on November 22 to discuss the merits of the complaint and the cited dispositive motion.[1] This order is designed to address the contentions expressed in the defendant's motion.

From the complaint and the materials filed with it, one learns that the plaintiff holds a considerable stake in the defendant, First Hartford Corporation (FHC), but is dissatisfied with its management so is attempting to enlist other shareholders in his

---

[1] The Motion to Stay or Dismiss contains the usual 21-day notice required by M.R. Civ. P. 7(c)(2), but the court understands that the defendant does not expect a response, the plaintiff waives his right to file one, and that the failure of the defendant to file a written objection will not constitute a waiver to the motion.

campaign to institute a board of directors which would be independent of FHC's officers, particularly Neil Ellis, the corporation's president. To that end, Richard E. Kaplan (Kaplan) and his attorney, Robert Rothberg (Rothberg), have endeavored to secure a list of shareholders for the purpose cited. These efforts have been rebuffed either by FHC's counsel or its management. Accordingly, the plaintiff has turned to this court for relief under the cited statute.

The defendant seeks to stay or dismiss the complaint for a variety of reasons. First among these is the fact that Kaplan has sought FHC's shareholder list in three fora, including this court, where the same request is pending. According to FHC, the case in this court ought to be stayed pending action by one of the other courts. This court will decline this invitation for the reasons here stated.

The first case in which Kaplan seeks a shareholder list is entitled *Richard E. Kaplan v. First Hartford Corporation*, docket number 04-10402-NMG, and is pending in the United States District Court for the District of Massachusetts. It is represented that in that case Kaplan is suing FHC because it allegedly engaged in deceptive and inadequate disclosures in a proxy solicitation. In that matter, according to FHC, the corporation is accused of failing to disclose the names of shareholders who own more than 5% of its common stock. Consistent with that claim, Kaplan has filed a motion to compel in that case which seeks a judicial order requiring FHC to turn over a list of shareholders. That motion is pending.

FHC interprets that case and its motion to compel as seeking essentially the same remedy as the complaint pending here. It is obvious, however, that that litigation is readily distinguishable from the current effort to replace FHC's board by shareholder action to which this case is ancillary. In the Massachusetts case, Kaplan is, apparently, attempting to bring the corporation to task for engaging in deceptive proxy practices

and, thereby, violating SEC rules. It is unlikely that that case, if successful, will result in the remedy of the current board being replaced by an independent board. As well, if the motion to compel is successful, it would yield a list of shareholders at the time of the alleged offending proxy solicitation and not a current list which would be useful to the plaintiff in his effort to replace the board. Accordingly, this court must conclude that the Massachusetts case and this one are quite different,[2] and that the motion to compel there and the complaint here would, in all likelihood, yield different shareholder lists.

The second case cited by the defendant as identical to this is also entitled *Richard E. Kaplan v. First Hartford Corporation*, docket number 04-MC-26-B-H, and is pending in the United States District Court for the District of Maine. As to this case's similarity to the case at bar, the defendant is correct. In his complaint in this matter, Kaplan seeks the same remedy as he demands here and relies on the same Maine statute as his vehicle to obtain FHC's shareholder list. Indeed, the complaint pending in our federal court and here are nearly identical, the sole difference between the two being Kaplan's appeal to the federal court's diversity jurisdiction to enforce a state law as it relates to parties from two states.

FHC asks that this court defer to the federal court because "state courts generally defer to previously filed federal actions where the two actions involve the same issues and the same parties." Motion to Stay or Dismiss, p. 4. Here, however, it appears that the same case was filed in this court and our federal court on the same day. Hence, if FHC's contention is correct that state courts need to defer to federal courts as to an action filed there before one filed locally, that principle simply does not apply here.

---

[2] Indeed, there is no reason to believe that action on the motion to compel would have res judicata effect as to this complaint or vice versa. Similarly, inconsistent results in this case and the Massachusetts matter would be of no consequence.

Two other factors weigh against deference to the federal court. First, the basis for jurisdiction in our federal court is not that this case involves federal law but, as noted, that it is based on diversity jurisdiction with FHC maintaining a registered office in Waterville, Maine. Thus, the exercise of jurisdictional authority in this case would be equal as our courts are open to nonresidents, such as Kaplan, to bring an action against a Maine-based company.

Second, the law which provides the plaintiff the remedy he seeks is a state law which he asks a state court to enforce. Within the applicable statute, 13-C M.R.S.A. § 1604(2), is an unambiguous mandate addressed to this court which tells the court that it is to dispose of an application for corporation records on an expedited basis. The legislature, of course, has no authority to direct a federal court to respond similarly, even though the action there is based on Maine law. In contrast, this court believes it is bound to respond to this legislative direction which would be contradicted if it deferred to the federal court. This is not to suggest that our federal judicial officials would not act on the plaintiff's request promptly, but, rather that they have no obligation to do so while the Superior Court does. Indeed, integral to the relief sought under the statute cited is the authority and obligation of this court to take speedy action on a request for corporate records.

For these reasons, this court will neither stay this action nor defer to the federal courts in Massachusetts and Maine.

The defendant also asks that the complaint be dismissed under the authority of M.R. Civ. P. 12(b)(6) in that it fails to state a claim on which relief can be granted. While FHC offers several arguments in its quest for dismissal of this action, only one bears discussion, namely that Rothberg's demand on Kaplan's behalf for a shareholder's list fails to meet the requirements of the statute.

Title 13-C M.R.S.A. § 1602(3)(C) entitles a shareholder to inspect and copy his corporation's record of shareholders if he meets the requirements of subsection 4 of this section and gives the corporation written notice of his demand five business days before he wishes to inspect and copy the records.

Subsection 4 reads in pertinent part as follows:

> 4.   Requirements.  A shareholder may inspect and copy the records described in subsection 3 *only if*:
>    A.   The shareholder's demand is made in good faith and for a proper purpose;
>    B.   The shareholder describes with reasonable particularity the shareholder's purpose and the records the shareholder desires to inspect;
>    C.   The records are directly connected with the shareholder's purpose . . . .

13-C M.R.S.A. § 1602(4) (emphasis supplied).

FHC argues that Rothberg's January 29, 2004 letter demanding a list of the corporation's shareholders for his client fails to meet the requirements of section 1602(4). As such, it says, the plaintiff cannot invoke section 1604(2) which requires the Superior Court to take expeditious action to enforce the demand. The court concurs with this contention.

The demand letter, on which the plaintiff relies in his complaint, simply says that Kaplan's counsel demands "to inspect and copy the following records of First Hartford's: . . . 3) A list of shareholders showing for each shareholder: name, address and number of shares owned." Affidavit of Robert Rothberg, Exhibit A. It goes on to state:

> The purpose of this demand is to enable the Kaplan's to evaluate (a) their investments in First Hartford, (b) the extent of the self-dealing in which First Hartford management has engaged between the last two shareholder meetings and the effects on First Hartford of such self-dealing, and (c) if they determine it is appropriate to do so, to communicate with other shareholders concerning First Hartford.

6

Of the reasons supporting the demand, only reason "(c)" deals with the need to have a shareholder's list. In the court's view, the desire there expressed that Kaplan (and his brother) have the list "if they determine it is appropriate to do so, to communicate with other shareholders concerning First Hartford" does not describe "with reasonable particularity the shareholder's purpose" for inspecting and copying the shareholder list. Indeed, the purpose expressed is contingent upon the Kaplans' desire and discretion and gives no reason why they might want to contact shareholders. If that were to suffice as a basis to demand a shareholder list, the statute which allows the release of such records "only if," 13-C M.R.S.A. § 1602(4), a particularized purpose were shown would be meaningless and any open-ended, vaguely articulated reason for a shareholders list could result in an order for its surrender.

It is true that in the material filed with the court, Kaplan and his attorney have provided other more germane reasons why they want a copy of FHC's shareholder list, but the event which may trigger judicial action is the demand letter itself and the corporation's refusal to release records in response to that document. In particular, section 1604(2) requires that before the Superior Court orders a corporation to turn over corporate records such as a shareholder list, the shareholder must comply "with section 1602, subsections 3 and 4." As explained, infra, the court finds that the plaintiff has not complied with these subsections because he did not articulate "a proper purpose" for the list with "reasonable particularity" in his demand letter. 13-C M.R.S.A. § 1692(4)(A), (B). That being so, the court cannot grant the relief the plaintiff seeks and will grant the motion to dismiss.

The dismissal will be without prejudice, however, because the January 29, 2004 letter demanded records then in existence for a reason which may differ from the current purpose, namely to assemble a sufficient number of shareholders to change

FHC's management in an upcoming annual shareholders' meeting. Thus, nothing in this order may be read as a bar to Kaplan, or others, recommencing their efforts to obtain a copy of FHC's shareholder list and taking the steps they may choose here, or in another court, to compel inspecting and copying such a list.

The clerk is DIRECTED to make the following entry:

> Motion to Stay or Dismiss is DENIED in part and GRANTED in part. The request to stay this matter pending action in the federal courts cited herein is DENIED; the case is DISMISSED.

So ordered.

Dated: November 29, 2004

John R. Atwood
Justice, Superior Court