# EXHIBIT 1

Case 1:04-cv-10402-NMG   Document 20-2   Filed 12/23/2004   Page 1 of 6

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, <br><br>      *Plaintiff,* <br><br> v. <br><br> FIRST HARTFORD CORPORATION, <br><br>      *Defendant.* | Civil Action No. 04-10402-NMG |

**FIRST HARTFORD CORPORATION'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR RECONSIDERATION OR FOR CLARIFICATION**

Defendant First Hartford Corporation ("FHC") respectfully submits this reply memorandum in further support of its Motion for Reconsideration or for Clarification (the "Motion") of that portion of this Court's November 30, 2004 Memorandum and Order granting plaintiff Richard E. Kaplan ("Kaplan")'s motion to compel the production of FHC's shareholder list (the "Memorandum and Order").

## ARGUMENT

In its Motion, FHC demonstrated that this Court should reevaluate its decision in light of (i) a Maine Superior Court order -- issued on the same day as this Court's Memorandum and Order -- dismissing an action brought by Kaplan seeking production of the *same* list that this Court has ordered FHC to produce, and (ii) a November 23, 2004 demand made by Kaplan's counsel for the current list of FHC shareholders. Nothing in Kaplan's opposition papers warrants a different conclusion.

The essence of Kaplan's opposition is that the lists he sought in the Maine action and seeks in this action are different and, therefore, the Maine Superior Court's ruling should have no

bearing on this Court's decision.[1] Kaplan is wrong. As FHC made clear in the Motion, in both actions, Kaplan sought the list of FHC's shareholders *as it existed at the time of Kaplan's January 29, 2004 demand* (the "January 29 Letter"). At the time Kaplan filed the Maine action and his motion to compel in this action, Kaplan had only made *one* demand for the list -- the January 29 Letter.[2] The only logical conclusion, therefore, is that in both actions Kaplan was seeking the *same* list, i.e., the list that existed on or before January 29, 2004. Kaplan's contention that he brought the Maine action -- which, like his motion to compel in this action, was based on the January 29 Letter -- to obtain a *current* shareholders list, i.e., the list as it existed in October 2004 makes no sense. Because Kaplan sought the same list pursuant to the same demand in both the Maine action and this action, FHC reasonably concluded that, at the very least, this Court should be made aware of the Maine Superior Court's ruling, which held that Kaplan's January 29 Letter did not state a "proper purpose." FHC also believes that in light of that decision, this Court should reconsider its decision and deny Kaplan's request for production.

Kaplan also contends that clarification of this Court's decision is unnecessary. Kaplan argues that "it seems quite clear" that this Court incorporated the "proper purpose" language into its decision merely to "reject[] FHC's attempt in opposing Mr. Kaplan's motion to compel to

---

[1] Kaplan thus argues that FHC has improperly refused to produce the shareholders list and has wrongfully turned over only redacted copies of the proxies. (See Opposition at 3 n.6.) Because, as set forth above and in the Motion, FHC believes that this Court should reconsider or clarify its ruling in light of the Maine Superior Court's decision, FHC has reasonably withheld the shareholders list and portions of the proxies that contain the shareholders' names and addresses pending this Court's decision on the Motion. Should the Court decline to reconsider its Memorandum and Order, FHC will promptly produce copies of the list and unredated proxies.

[2] In support of his argument, Kaplan relies upon the Maine Superior Court's November 29, 2004 Memorandum and Order, wherein the Court opined that the Kaplan was seeking different shareholder lists in the Maine and Massachusetts actions. See Memorandum and Order at 3. For the reasons set forth herein and in the Motion, FHC respectfully disagrees.

engraft unfounded restrictions upon Mr. Kaplan's use of the list and to limit Mr. Kaplan in his analysis of the evidence in this case." (Opposition at 3 n.5.) FHC reasonably presumed that had this Court intended to allow Kaplan unfettered use of the list -- as Kaplan contends it did -- it would have so stated. Rather, it appears more likely that the Court imposed this limitation on Kaplan's use of the shareholders list because, as Kaplan himself emphasized in his motion to compel, the Maine statute provides that a shareholder is *only* entitled inspect the shareholders list if he satisfies the "proper purpose" requirement in Section 1602(4). (See Kaplan's Motion to Compel at 11 n.4.) Because this Court has expressly stated that Kaplan may only use FHC's shareholders list for a "proper purpose," FHC respectfully requests, in the alternative, that the Court clarify its order and instruct Kaplan that to satisfy the "proper purpose" limitation, he must first demonstrate that he seeks the list for a purpose reasonably related to his interest as a stockholder as required by both the Maine Superior Court and the Maine statute.

For the above-stated reasons, FHC respectfully requests that this Court grant its Motion and deny Kaplan's unsubstantiated and frivolous request for sanctions.

Respectfully submitted,

FIRST HARTFORD CORPORATION

By its attorneys,

\_\_\_\_\_/s/ Jonathan I. Handler\_\_\_\_\_
Jonathan I. Handler, BBO #561475
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA 02110-3179
(617) 345-4600

-and-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated: December 23, 2004

## CERTIFICATE OF SERVICE

    I, Jonathan I. Handler, hereby certify that on this 23rd day of December, I served a true and correct copy of the foregoing *First Hartford Corporation's Reply Memorandum In Further Support of its Motion for Reconsideration or for Clarification* via first class mail on Larry C. Kenna, Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts, 02109.

                                                             /s/ Jonathan I. Handler
                                                      Jonathan I. Handler