UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____

RICHARD E. KAPLAN,                    )
                                      )
                Plaintiff,            )
                                      )
        v.                            )        Civil Action No. 04-10402-NMG
                                      )
FIRST HARTFORD CORPORATION,           )
                                      )
                Defendant.            )
_____)

### PLAINTIFF RICHARD E. KAPLAN'S
### MOTION FOR AN EXTENSION OF THE FACT DISCOVERY DEADLINE

### INTRODUCTION

In this Court's Memorandum & Order dated November 29, 2004, the Court ordered the defendant First Hartford Corporation ("FHC") to produce to the plaintiff Richard E. Kaplan a shareholder list and all proxies submitted to FHC shareholders in connection with FHC's January, 2004 shareholders meeting. The Court also established the date of January 31, 2005 as the date for completion of all fact discovery. The Court's selection of the date January 31, 2005 for the completion of all fact discovery probably presumed prompt compliance by the parties with the Court's November 29, 2004 order to produce documents, and afforded the parties sufficient time to complete their remaining fact discovery.

However, while the plaintiff Mr. Kaplan promptly complied with the Court's order to produce documents relating to his stock ownership in FHC (the documents were produced on December 7, 2004), FHC has not complied with the Court's order to produce the shareholder list and the proxies. FHC, instead of producing the documents ordered by the Court, filed a Motion for Reconsideration or for Clarification of the Court's order on December 3, 2004. Mr. Kaplan

filed his opposition to FHC's Motion for Reconsideration or for Clarification on December 15, 2004.  FHC then filed a Motion for Leave to File a Reply Memorandum in Further Support of its Motion for Reconsideration or for Clarification on December 23, 2004, attaching thereto its Reply Memorandum. The Court has yet to decide FHC's Motion for Reconsideration or for Clarification.  In the meantime, FHC refuses to produce the documents the Court ordered produced on November 29, 2004.

FHC's refusal to produce the documents that the Court ordered it to produce more than 50 days ago, coupled with FHC's inexcusable delay in producing other documents relevant to the case that FHC agreed to produce more than 8 months ago (*See* footnote 5 *infra*), provides ample ground for the Court to extend Mr. Kaplan's time to complete his fact discovery to a date that is 60 days after the Court's ruling on FHC's pending Motion for Reconsideration or for Clarification.

## ARGUMENT

On November 29, 2004, the Court ordered the defendant FHC to produce to the plaintiff Mr. Kaplan the following: (i) the list of shareholders names and addresses used in connection with FHC's mailing of proxy materials for its January, 2004 meeting of shareholders; and (ii) all proxies submitted to FHC shareholders in connection with that meeting. The Court also ordered the parties to complete all fact discovery in this case within 60 days, that is, by January 31, 2005.

On December 3, 2004, at approximately 4:50 p.m., counsel for FHC called counsel for Mr. Kaplan, and advised counsel for Mr. Kaplan that FHC was going to file a motion for reconsideration of the Court's November 29, 2004 order and that FHC would not produce the shareholders list until the motion for reconsideration was decided by the Court. About two hours later, at approximately 7 p.m. on December 3, 2004, counsel for Mr. Kaplan received notice that

2

FHC's Motion for Reconsideration or for Clarification had been filed electronically with the Court.[1]  After Mr. Kaplan filed his opposition to FHC's Motion for Reconsideration or for Clarification,  FHC filed, on December 23, 2004, a Motion for Leave to File a Reply Memorandum and attached its proposed reply memorandum to the motion as "Exhibit 1."  FHC's motion for reconsideration and motion for leave to file a reply memorandum are *sub judice*.[2]

FHC's Motion for Reconsideration or for Clarification is nothing more than another in a long list of delaying tactics employed by FHC.[3]  For example, consider FHC's handling of its

---

[1]  FHC's motion for reconsideration was directed entirely to that part of the Court's order that dealt with production of the shareholders list, and made virtually no mention of the proxies the Court ordered to be produced. Nevertheless, FHC did not produce the proxies until December 13, 2004, two weeks after the Court's order, and then produced only redacted copies of the proxies. As counsel for FHC stated: "In light of the pendency of our motion for clarification or for reconsideration of the Court's November 29, 2004 Order, we have redacted names and addresses from the proxies. ..." *See* Mr. Kaplan's Opposition to FHC's Motion for Reconsideration or for Clarification, filed on December 15, 2004, at pp. 3-4, n. 6.

[2]  FHC's motion for reconsideration and its reply memorandum advance the absurd proposition that this Court in this case should clarify its order and instruct Mr. Kaplan to satisfy the "proper purpose" limitation of the Maine state statute, and, moreover, erroneously assert that Mr. Kaplan is simultaneously seeking production of the same shareholders list in this Court and in the state court in Maine, where a judge has dismissed Mr. Kaplan's action to obtain the list. The case that was dismissed in the Maine state court sought to inspect and copy a *different* list from the list the Court in this case has ordered FHC to produce, as is abundantly clear from the Maine state court judge's (Atwood, J.) decision, from which Mr. Kaplan quoted extensively in the opposition he filed on December 15, 2005, to FHC's motion for reconsideration. Mr. Kaplan's action in Maine became necessary because, while this Court was considering Mr. Kaplan's motion to compel production of the shareholders list used  for the mailing of the proxy materials for FHC's *2003 shareholders meeting*, FHC declared that its *2004 shareholders meeting* would be held on December 9, 2004. Mr. Kaplan then timely served FHC with a shareholder proposal to amend the FHC bylaws to provide for an 80% independent Board of Directors. FHC told Mr. Kaplan that it would include his proposal in the proxy materials it then intended to mail out in November, 2004, but refused to allow Mr. Kaplan to inspect and copy the then existing shareholders list, effectively frustrating Mr. Kaplan's right as a shareholder to communicate with the other shareholders of FHC to promote his proposal to amend the bylaws of the corporation to provide for an independent Board of Directors. Accordingly, Mr. Kaplan filed his first action in the Maine state court on or about October 28, 2004, seeking an order for the production of the *then existing shareholders list*--not the list used to mail the proxy materials for the 2003 shareholders meeting--pursuant to Maine state law. FHC promptly postponed the 2004 shareholders meeting to an unspecified date after January 17, 2005. Justice Atwood of the Maine state court decided Mr. Kaplan's first Maine state court action, and dismissed the action *without prejudice*. Mr. Kaplan then again demanded in writing to inspect and copy the current shareholders list by letter dated November 23, 2004, FHC again refused to allow him to inspect and copy the list, and Mr. Kaplan filed a second action in the Maine state court on December 8, 2004, seeking an order to produce the list pursuant to Maine state law.  Just recently, on January 12, 2005, a second judge of the Maine state court (Marden, J.) issued an Order commanding FHC to provide the current shareholder list to Mr. Kaplan. *See* the attachment hereto marked Exhibit A.

[3] FHC's defense to Mr. Kaplan's second Maine state court action was the disingenuous argument  that there was no impending corporate event which would allow Mr. Kaplan to state a "proper purpose" for inspection and copying of the shareholders list, and therefore his second action should be dismissed. *See* Justice Marden's Order on Defendant's Motion to Dismiss, Exhibit A at page 3. As to this argument, Justice Marden astutely observed that it

response to Mr. Kaplan's Document Request No. 7, which seeks documents relating to transactions between FHC and its President, Neil Ellis and entities controlled by Mr. Ellis. After 8 months of leading Mr. Kaplan to believe that the documents he sought existed and would be produced,[4] on December 17, 2004, FHC said that it had produced all the responsive documents it could find. *See* Exhibit C attached hereto.[5]

CONCLUSION

Accordingly, Mr. Kaplan seeks an extension of the fact discovery deadline to a date that is 60 days after the Court rules on FHC's Motion for Reconsideration or for Clarification.[6] The extension is necessary to insure that Mr. Kaplan has the documents he is entitled to

---

"has the color to justify an attempt by the majority to prevent the rights of the minority through scheduling of meetings [,]" given the history of the case where the board of directors and managing shareholders control the date and time for shareholder meetings "and a question has been raised as to whether there have been routine annual meetings of shareholders ... [.]" *Id.*, n.1. The Justice also pointed out that FHC had adjourned the 2004 shareholders meeting from December 9, 2004 to "a date no earlier than January 17, 2005," and "[t]herefore, contrary to defendant's assertion, there is a meeting that has been called and postponed and gives rise to the shareholder's rights under [Maine state law]." *Id.* at page 4.

[4] As FHC's counsel said in an email to Mr. Kaplan's counsel on July 7, 2004, FHC would "produce the documents underlying the transactions referenced in the most recent proxy statement." This representation was repeated in later letters and email correspondence from counsel for FHC. *See* Exhibit B attached hereto, Mr. Kaplan's counsel's November 24, 2004, letter detailing the history of Mr. Kaplan's attempts to obtain the documents that FHC said it would produce.

[5] This assertion defies belief. On page 7 of the Proxy Statement furnished to shareholders in December, 2003, in connection with the solicitation of proxies by FHC for the January, 2004 shareholders meeting, FHC stated: "First Hartford and its subsidiaries have received from or made cash advances to other companies which are owned or controlled by Neil Ellis. First Hartford has also purchased from or sold property to, these companies as well as performed services for these companies." (emphasis supplied) These transactions are not trivial, and amount to millions of dollars. Documents relating to these transactions are clearly called for by Request No. 7, and must exist. Property cannot be transferred back and forth without documentation. There must have been documentation setting out the terms on which FHC performed services for Mr. Ellis' other companies. There must be some documentation of the money advanced by FHC to Mr. Ellis' other companies. FHC agreed to produce these documents, but has not produced a single document relating to the referenced transactions. The failure of FHC to produce these documents will likely result in another motion to compel by Mr. Kaplan.

[6] The Court has set June 16, 2005 as the date for the final pretrial conference in this case. It is not anticipated that that date will need to be changed if the fact discovery deadline is extended for Mr. Kaplan as he requests in this motion.

- - and needs - - to conduct efficient and effective depositions of the defendant corporation and its officers and directors, and others if necessary, and to prepare for the trial of this case.[7]

RICHARD E. KAPLAN,

Plaintiff,

By his attorneys,

/s/ Larry C. Kenna
Larry C. Kenna, P.C. (BBO #267760)
CHOATE, HALL & STEWART
53 State Street
Exchange Place
Boston, MA 02109
(617) 248-5000

---

[7] If the extension requested is granted, however, Mr. Kaplan respectfully suggests that the extension should apply only to Mr. Kaplan and not to FHC. FHC can advance no good reason for an extension of the fact discovery deadline set by the Court in its November 29, 2004 order. Before the Court's order was entered, FHC sought only to take two depositions, one of the plaintiff Richard Kaplan and one of his brother David Kaplan. FHC noticed David Kaplan's deposition for October 18, 2004, and subpoenaed 8 categories of documents from him, most of which related to his stock ownership in FHC. On October 14, 2004, FHC advised David Kaplan that his deposition would not go forward on the 18th, and thereafter David Kaplan served his written objection to inspection and copying of most of the subpoenaed documents. *See* Exhibit D attached hereto. FHC has not sought to reschedule David Kaplan's deposition. With respect to the plaintiff Richard Kaplan, FHC has noticed his deposition 3 times. Most recently, FHC noticed Richard Kaplan's deposition for December 8, 2004. On December 7, 2004, while Mr. Kaplan was in the process of preparing for his next-day deposition and sending to FHC by facsimile the documents regarding his stock ownership that the Court ordered him to produce, FHC cancelled the deposition. Mr. Kaplan has let FHC know that he would be available for a deposition after January 5, 2005 (*See* Exhibit E attached hereto), but FHC has not re-scheduled the deposition.