# Exhibit A

RECEIVED

STATE OF MAINE

KENNEBEC, ss.

JAN 1 4 2005

RUDMAN & WINCHELL
LAW OFFICES

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-275

RICHARD KAPLAN,

    Plaintiff

    v.

FIRST HARTFORD CORPORATION,

    Defendant

**ORDER ON DEFENDANT'S
MOTION TO DISMISS**

    Before the court is defendant's motion to dismiss plaintiff's complaint. Plaintiff has brought a complaint and application on an expedited basis under 13-C M.R.S.A. § 1604 for an order to permit inspection of record of shareholders. Section 1602(3)(C) provides:

> A shareholder of a corporation is entitled to inspect and copy during regular business hours at a reasonable location specified by the corporation any of the following records of the corporation if the shareholder meets the requirements of subsection (4) and gives the corporation written notice of the shareholder's demand at least five business days before the date on which the shareholder wishes to inspect and copy.
> (A)   . . .
> (B)   . . .
> (C)   The record of shareholders.

Subparagraph (4) provides:

> A shareholder may inspect and copy the records described in subsection (3) only if:
> (A)   The shareholder's demand is made in good faith and for a proper purpose;
> (B)   The shareholder describes with a reasonable particularity the shareholders purpose and the records the shareholder desires to inspect;
> (C)   The records are directly connected with the shareholder's purpose; and the shareholder complies with such reasonable restrictions regarding the disclosure of such records as may be set forth in the corporation's articles of incorporation and bylaws.

To justify his request, plaintiff asserted that the demand was made in good faith and for a proper purpose asserting that he wished to communicate with other record shareholders prior to the next shareholders meeting to evaluate his investment, discover self dealing and to communicate with other shareholders. On November 29, 2004, this court issued its Decision and Order regarding defendant's motion to stay or dismiss. The court found that the assertions by the plaintiff in his complaint did not describe "with reasonable particularity the shareholders purpose" for inspecting and copying the shareholders list and, therefore, concluded that he had not alleged a "proper purpose." It granted the motion to dismiss but went on further to say:

> The dismissal will be without prejudice, however, the January 29, 2004 letter demanded records then in existence for a reason which may differ from the current purpose, namely to assemble a sufficient number of shareholders to change FHC's management in an upcoming annual shareholders meeting. Thus, nothing in this order may be read as a bar to Kaplan, or others, recommencing their efforts to obtain a copy of FHC's shareholder list and taking the steps they may choose here, or in another court, to compel inspecting and copying such a list.

On December 8, 2004, the plaintiff filed a complaint and application on expedited basis under 13-C M.R.S.A. § 1604 for an order to permit the inspection of record of shareholders. In it, the plaintiff seeks to obtain information as to record shareholders "so that he has an opportunity to wage an effective proxy campaign on behalf of his proposal to amend the bylaws of FHC to require an independent board of directors."

On December 23, 2004, defendant brought a motion to dismiss. Defendant asserts that the demand letter of plaintiff dated November 23, 2004, is not consistent with the statute and continues to be contrary to this court's previous order. The letter contains the language, ". . . so that he has an opportunity to wage an effective proxy campaign on behalf of his proposal to amend the bylaws of FHC to require an independent board of directors."

The defendant argues that although no court has opined on whether Kaplan's stated purpose constitutes a "proper purpose" in the context of the Maine statute, other courts have done so in the context of analogous state statutes. It cites a Delaware statute defining a proper purpose as "purpose reasonably related to such persons interest as a stockholder." It cites *Shamrock Associates v. The Dorsey Corp.*, No. 76 and 78 (1984 Del. Ch. LEXIS 545). This involved a demand by the shareholder for the information to solicit other stockholders of the corporation as is necessary and appropriate to effect the change in the composition of the board of directors. The court held that the absence of any impending event to which the person's access to a stocklist is reasonably needed rendered the demand deficient. Defendant argues that there is no impending event. Therefore, there is no particular purpose, let alone a proper purpose, for his request.[1]

Title 13-C M.R.S.A. § 721 requires a corporation to prepare an alphabetical list of the names of all of its shareholders who are entitled to a notice of the shareholders meeting. The list must contain the address of and number of shares held by each shareholders. Subsection 2 that:

> The shareholders list must be available for inspection by any shareholder beginning two business days after notice of the meeting for which the list was prepared is given or the next business day in the case of a closed corporation is provided fewer than 10 days notice of such meeting, and continuing through the meeting, at the corporation's principal office or at a place identified in the meeting notice in the city where the meeting will be held.

Subsection 3 provides that:

---

[1] Since it appears from the history of this case that the board of directors and the managing shareholders control the date and time for shareholder meetings and a question has been raised as to whether there have been routine annual meetings of shareholders, this argument has the color to justify an attempt by the majority to prevent the rights of the minority through scheduling of meetings.

> The corporation shall make the shareholders available at the meeting, and
> a shareholder or shareholder's agent or attorney is entitled to inspect the
> list at any time during the meeting or at any adjournment.

The statute goes on to provide that if the corporation refuses to allow the shareholder or

his or her agent or attorney to inspect the shareholder's list before or at the meeting

shall copy the list " . . . the Superior Court of the county where the corporation's

principal office is located, . . . on application of a shareholder may summarily order the

inspection or copying at the corporation's expense and may postpone the meeting for

which the list until inspection or copying is complete."

In defendant's memorandum of law, by footnote, it is stated that, "FHC had

scheduled a shareholder's meeting for December 9, 2004. At the initial scheduling

conference in the Maine federal action, however, FHC agreed to adjourn the meeting

until a date no earlier than January 17, 2005, to provide the parties a sufficient time to

brief the issues and allow the court adequate time to enter a decision." Therefore,

contrary to defendant's assertion, there is a meeting that has been called and postponed

and gives rise to the shareholder's rights under section 721.

Both parties have cited to 13-C M.R.S.A. § 1604 as authority for the court to order

compliance with the right of a shareholder to inspect and copy shareholder records.

Section 1604(1) provides:

> If a corporation does not allow a shareholder who complies with section
> 1602(2) to inspect and copy any records required by that subsection to be
> available for inspection, the Superior Court of the county where the
> corporation's principal office or registered office is located may
> summarily order inspection and copying of the records at the
> corporation's expense upon application of the shareholder.

Section 1602(2) authorizes a shareholder of a corporation to inspect and copy records

during regular business hours at the corporation's principal office. The records of the

corporation are described in section 1601(5). Section 1601(5) refers to the following:

- Articles of incorporation with amendments.

- Bylaws with amendments.

- Resolutions of board of directors.

- Minutes of shareholders meetings.

- Written communications to shareholders.

- Lists of the names and business address of the current directors and officers.

- Its most recent annual report delivered to the Secretary of State.

It is subsection 3 of section 1601 that requires a corporation to maintain a record of its shareholders in a form that permits preparation of the list of the names and addresses of all shareholders in alphabetical order by class of shares showing the number and class of shares held by each.

Corporations are entirely a creature of statute. The statute is designed to protect the shareholders and in particular, minority shareholders with regard to protection of their investment. The statutes exist in various jurisdictions under different terms. A general examination of the corporation law with regard to shareholder rights as found in various volumes of *American Jurisprudence* (2nd. Ed 1985), § 774 notes that in almost every jurisdiction majority dominant or controlling shareholders are held to owe a fiduciary duty to the minority shareholders as well as to the other majority shareholders and to the corporation similar to the obligation owed by the officers and directors of the corporation. Section 314 advises us that the power to enact bylaws for the regulation of its affairs is inherent in every corporation as an incident of its existence and such powers are continuous when subject to the limitations that the bylaws must not contravene or be inconsistent with the charter of the corporation or the articles of incorporation and will not infringe upon the Constitution or general statutory laws or contravene public policy. Section 315 advises that the power to make and alter bylaws

resides in the corporation. From a practical standpoint, however, that power is exercised through the incorporators, directors, or stockholders, depending on the applicable state law and/or articles of incorporation. Finally, section 328 discusses that under the Model Business Corporation Act the power to alter, amend or repeal the bylaws is vested in the board of directors unless reserved to the shareholders by the articles of incorporation.

Article XI of the bylaws of the defendant corporation as presented as an exhibit by the plaintiff provides: "Except as otherwise provided by law, these bylaws may be amended, altered or repealed at any annual or special meeting of the stockholders, by a majority vote of the shares present or represented at such meeting or at any regular or special meeting of the directors, by a majority vote of the directors present at such meeting."

As owners of a corporation, shareholders have certain specific rights including the right to obtain a list of other owners for the purpose of waging a proxy fight in advance of an annual meeting. *See, e.g., E.L. Bruce Co. v. State ex rel. Gilbert*, 144 A.2d 533, 534 (Del. 1958) (writing nearly fifty years ago that "[i]nspection of the stock ledger to solicit proxies at the stockholders' meeting is *obviously* proper") (emphasis supplied); *Shamrock Assoc. v. Texas American Energy Corp.*, 517 A.2d 658 (Del. Ch. 1986) (proxy contestant permitted to inspect list of beneficial owners); *Donaldson v. Boston Herald-Traveler Corp.*, 197 N.E.2d 671, 676 (Mass. 1964) ("The solicitation of proxies in order to try to change management is a proper purpose."); *Hanrahan v. Puget Sound Power & Light Co.*, 126 N.E.2d 499, 503-04 (Mass. 1955) (communicating with other stockholders concerning a change in management is a proper purpose); *Fears v. Cattlemen's Inv. Co.*, 483 P.2d 724, 728 (Okla. 1971) (citing Illinois and Minnesota precedent and holding that "wanting to solicit proxies from other stockholders of a corporation is a 'proper

7

purpose'"); *see also Rockwell v. SCM Corp.*, 496 F.Supp. 1123, 1126 (S.D.N.Y. 1980) (stating there is "no question" that a shareholder has the right to compel production of the corporation's shareholder list to solicit proxies well in advance of the next annual meeting).

The entry will be:

Defendant's motion to dismiss is DENIED; it is hereby ORDERED: the defendant shall provide for plaintiff's inspection or copying at the corporation expense of its shareholders list in accordance with 13-C M.R.S.A. § 721(4) and shall make such postponement of the shareholders meeting as is necessary to carry out this procedure.

Dated: January ⟨12⟩, 2005

Donald H. Marden
Justice, Superior Court