# Exhibit D

# CHOATE, HALL & STEWART

### A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

LARRY C. KENNA, P.C.
DIRECT DIAL: (617) 248-2113
EMAIL: LKENNA@CHOATE.COM

## EXCHANGE PLACE

### 53 STATE STREET

## BOSTON, MASSACHUSETTS 02109-2804

TELEPHONE (617) 248-5000 • FAX (617) 248-4000

WWW.CHOATE.COM

October 19, 2004

BY FACSIMILIE AND FIRST CLASS MAIL

Jonathan I. Handler, Esq.
Day, Berry & Howard LLP
260 Franklin Street
Boston, MA 02110-3179

Re:    Kaplan v. First Hartford Corporation (C.A. No. 04-10402-NMG)

Dear Jonathan:

This letter will serve as David E. Kaplan's written objection, pursuant to Fed. R. Civ. P. Rule 45(c)(2)(B), to inspection or copying of certain documents demanded by you in the subpoena served on Mr. Kaplan in the above-referenced action.

You have demanded that David Kaplan, a non-party to this case, produce documents that show the number of shares of common stock he holds in the defendant First Hartford Corporation ("FHC"), in whose name the shares are held, from whom he acquired the shares, with whom he shares voting power over the shares, and other documents relating to his acquisition or transfer of shares in FHC and to the Schedule 13D he filed with the SEC in January, 2004. See Appendix A to the subpoena served on David Kaplan, Requests 1-5 and 7. Mr. Kaplan objects to producing any documents responsive to those requests.

It is not disputed that David Kaplan was a stockholder of FHC for many years before January, 2004, and still is, as FHC's own records show. David Kaplan's Schedule 13D, filed with the SEC in January, 2004, states that he has sole voting and dispositive power over 56,151 shares, that he has shared voting and dispositive power (with Richard E. Kaplan) over 445,535 shares, and that he has held the shares for many years with no transfers for more than 20 years except among family members and family owned trusts and entities. Moreover, David Kaplan's status as a shareholder of FHC is neither relevant nor material to any issue in the proxy fraud action brought against FHC by his brother, Richard E. Kaplan.

October 19, 2004
Page 2

You have also demanded that David Kaplan produce "[a]ll documents underlying or supporting the allegations in the Complaint." See Appendix A, Request 8. Mr. Kaplan objects to producing any such documents. Without waiving his objection, however, David Kaplan responds that he is not aware of any such documents with the exception of the Proxy Materials relating to the January 2004 shareholders meeting, copies of which the defendant already has in its possession.

Finally, you have demanded that David Kaplan produce "[a]ll documents concerning communications between you and any other persons, including Richard E. Kaplan, plaintiff in this action, or other shareholders of First Hartford, concerning (i) First Hartford, and/or (ii) the Shares." See Appendix A, Request 6. David Kaplan responds in part to this request by objecting to its overbreadth and to the fact that it is unlimited in time. Without waiving those objections, Mr. Kaplan responds that he has had no recent communications, to the best of his knowledge, with any shareholders of FHC other than Richard E. Kaplan, Neil Ellis and Stuart Greenwald. With this letter Mr. Kaplan produces the only two non-privileged documents he has that relate to such communications. See (i) Written Demand Pursuant to Section 721 of the Maine Business Corporation Act, dated January 21, 2004; and (ii) Letter dated January 23, 2004 from Timothy R. O'Donnell, Clerk of FHC, to David E. Kaplan.

In further response to Appendix A, Request 6, David Kaplan asserts, pursuant to Fed. R. Civ. P. Rule 45(d)(2), the attorney-client and work product privileges with respect to all of his other communications. In support of these claims of privilege, Mr. Kaplan attaches to this letter a list of the privileged communications.

As you know, David Kaplan's deposition was originally scheduled for October 18, 2004, but you informed me on October 14 that you did not intend to go forward with his deposition on the 18th. Please advise me as to how you wish to proceed with this matter.

Very truly yours,

Larry C. Kenna, P.C.

cc:    David E. Kaplan (by facsimile)
       Richard E. Kaplan, Esq. (by facsimile)
       Robert Rothberg, Esq.

3758879v1