UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN,<br><br>*Plaintiff*,<br><br>v.<br><br>FIRST HARTFORD CORPORATION,<br><br>*Defendant*. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 04-10402-NMG<br>)<br>)<br>)<br>)<br>)<br>) |

**FIRST HARTFORD CORPORATION'S RESPONSE
TO RICHARD E. KAPLAN'S MOTION FOR AN
EXTENSION OF THE FACT DISCOVERY DEADLINE**

Without having complied with his obligation to make a good faith attempt to resolve the issues raised by his Motion, Kaplan has moved this Court for a unilateral extension of the fact discovery deadline. FHC does not object to an extension of the discovery deadline -- so long as it applies to both parties -- and could have so informed Kaplan had he complied with his obligation to confer in advance of filing the Motion. FHC also submits this response to address certain factual inaccuracies and misrepresentations underlying the Motion.

The basis for Kaplan's Motion is that FHC has delayed in producing copies of (i) the shareholders list used in connection with its mailing of proxy materials for its January 22, 2004 meeting (the "January 2004 List"), and (ii) the proxies submitted by the shareholders in connection with that meeting, which this Court's November 29, 2004 Memorandum and Order (the "November 2004 Order") directed FHC to produce. Kaplan contends that FHC's purported failure to comply with the Court's instructions has impeded his ability to complete fact discovery

before the January 31, 2004 deadline.[1]  Kaplan's Motion, however, tells an incomplete and highly misleading story.

In particular, Kaplan conspicuously fails to inform the Court that on January 19, 2005, in response to a January 13, 2005 Order of the Maine Superior Court (the "January 2005 Order"), FHC made its current shareholders list available to Kaplan's Maine counsel for inspection and copying.[2]  Kaplan is well aware that FHC's shares are thinly traded and that, therefore, the current shareholders list and the January 2004 List are virtually identical.  See Kaplan's Complaint ¶ 5 ("The shares of First Hartford . . . are very thinly traded.").  It is difficult to understand why Kaplan would not have made the Court aware of this salient fact.

Kaplan also filed his Motion on January 21, 2004 without complying with Local Rule 7.1(A)(2).[3]  Kaplan's counsel did not notify FHC's counsel of its intention to file the Motion, let alone initiate the required conference to attempt in good faith to resolve the disputed issues before filing the Motion.  Had Kaplan's counsel done so, they would have learned that, in light of the January 2005 Order and FHC's production of the current shareholders list, FHC was

---

[1] Kaplan also contends that FHC has failed to produce documents responsive to his Document Request No. 7, which seeks documents relating to transactions between FHC and its President, Neil Ellis, or any entity controlled by Mr. Ellis.  As FHC stated in its December 17, 2004 and January 31, 2005 letters, it has made a good faith effort to locate and produce all documents in its possession that are responsive to this request.

[2] On December 8, 2004, Kaplan filed a complaint in the Superior Court for Kennebec County in Maine seeking the right to inspect and copy FHC's current shareholders list.  On January 13, 2004, the Court granted Kaplan's request for relief.  FHC complied with the Court's order immediately thereafter.

[3] Rule 7.1(A)(2) of the Local Rules of the District Court of Massachusetts provides that: "No motion shall be filed unless counsel certify that they have conferred and have attempted in good faith to resolve or narrow the issue."  LR. 7.1(A)(2).  Kaplan's Motion includes no such certification.  Kaplan also failed to comply with the mandate of Local Rule 37.1(A), which states that:  "Before filing any discovery motion . . . counsel for each of the parties shall confer in good faith to narrow the areas of disagreement to the greatest possible extent.  It shall be the responsibility of counsel for the moving party to arrange for the conference."  LR. 37.1(A).

preparing to produce a copy of the January 2004 List and unredacted copies of the proxies to Kaplan shortly thereafter.[4] Armed with this knowledge, Kaplan surely would not have filed the Motion, and the need to trouble this Court with a routine discovery dispute would have been obviated.[5] Presumably, Local Rule 7.1(A)(2) and Local Rule 37.1(A) were enacted precisely for this reason.

While FHC disputes the factual underpinnings of Kaplan's Motion and objects to Kaplan's failure to comply with its obligation to confer solely to seek tactical advantage, FHC does not object to a 60-day extension of the discovery period for Kaplan and FHC. Accordingly, if the Court is inclined to grant Kaplan's Motion, FHC respectfully requests that the Court extend

---

[4] On January 31, 2005, FHC produced copies of the January 2004 List and the proxies. On Febuary 1, 2005, at FHC's request, the Clerk of this Court entered an electronic order withdrawing FHC's Motion for Reconsideration or for Clarification of the November 2004 Order as well as its Motion for Leave to File a Reply Memorandum in Further Support of its Motion.

[5] This is not the first time Kaplan has sought to obtain a tactical advantage by disregarding the Local Rules of this Court. On September 10, 2004, without seeking leave of Court as required by Local Rule 7.1(B)(3), Kaplan filed a reply in further support of his motion to compel, which he styled as a "preliminary statement" in a wholly unrelated pleading (i.e., Kaplan's opposition to FHC's motion to compel production of documents). During a September 21, 2004 telephone conversation and in an October 1, 2004 letter, FHC's counsel called attention to Kaplan's disregard for the Local Rules and expressed his expectation that the parties would adhere to the rules in the future.

the discovery deadline for both parties until March 21, 2005.

                                         Respectfully submitted,

                                         FIRST HARTFORD CORPORATION

                                         By its attorneys,

                                           /s/ Jonathan I. Handler
                                       Jonathan I. Handler, BBO #561475
                                       DAY, BERRY & HOWARD LLP
                                       260 Franklin Street
                                       Boston, MA 02110-3179
                                       (617) 345-4600

                                                -and-

                                       John B. Nolan (admitted *pro hac vice*)
                                       DAY, BERRY & HOWARD LLP
                                       CityPlace I
                                       Hartford, CT 06103
Dated: February 1, 2005                (860) 275-0100

## CERTIFICATE OF SERVICE

     I, Jillian B. Hirsch, hereby certify that on this 1st day of February 2005, I served a true and correct copy of the foregoing *First Hartford Corporation's Response To Richard E. Kaplan's Motion For An Extension Of The Fact Discovery Deadline* via facsimile and first class mail on Larry C. Kenna, Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts, 02109.

                                   /s/ Jillian B. Hirsch
                                   Jillian B. Hirsch