UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| | ) | |
| RICHARD E. KAPLAN, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-10402-NMG |
| | ) | |
| | ) | |
| FIRST HARTFORD CORPORATION, | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

**DEFENDANT FIRST HARTFORD CORPORATION'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO CONSOLIDATE**

**I.     INTRODUCTION**

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, Defendant First Hartford

Corporation ("FHC") respectfully moves this Court to consolidate the above entitled action,

Richard E. Kaplan v. First Hartford Corporation, Civil Action No. 04-10402-NMG, with a matter

involving identical parties and arising out of the same operative facts and law, Richard E. Kaplan

v. First Hartford Corporation, Civil Action No. 05-10320-NMG.  Because both actions share

identical parties and virtually identical issues of fact and law, consolidation would best serve the

interests of judicial economy without causing prejudice to either party.  Accordingly, the Court

should grant FHC's motion.

**II.     BACKGROUND**

On February 27, 2004, Plaintiff Richard E. Kaplan filed a complaint alleging that FHC

violated Section 14(e) of the Securities Exchange Act of 1934 by distributing false and

misleading proxy solicitation materials in connection with FHC's January 2004 Annual Meeting

of Shareholders (hereinafter "Kaplan I"). The two purposes for that meeting were: (1) to elect directors; and (2) to approve a "2003 Stock Option Plan." The complaint in Kaplan I seeks a judgment that voids the shareholder votes taken at the January 2004 Meeting and orders that a new shareholder meeting be called, as well as requests an award of attorneys' fees and costs.

On February 17, 2005, Richard E. Kaplan filed a second complaint again alleging that FHC had violated Section 14(e) of the Securities Exchange Act of 1934 by distributing false and misleading proxy solicitation materials, this time in connection with FHC's February 2005 Annual Meeting of Shareholders (hereinafter "Kaplan II").[1] The purposes for that meeting were: (1) to elect directors; and (2) to consider and act upon a proposal from Mr. Kaplan that would require 80% of the Board of Directors to be independent. Similar to the complaint in Kaplan I, the complaint in Kaplan II seeks a judgment that voids the shareholder votes taken at the February 2005 Meeting and orders that a new shareholder meeting be called. Mr. Kaplan also requests an award for attorneys' fees and costs. The complaint in Kaplan II is virtually identical to the complaint in Kaplan I;[2] it merely adds a claim regarding the allegedly misleading nature of FHC's statement in the proxy solicitation opposition Mr. Kaplan's shareholder proposal.

## III.    ARGUMENT

Rule 42(a) of the Federal Rules of Civil Procedure provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

---

[1] References to the complaint in Kaplan II are to the First Amended Complaint Mr. Kaplan filed on February 28, 2005.

[2] Mr. Kaplan in fact noted that the two actions were related on the civil action cover sheet, resulting in the assignment of Kaplan II to this Court.

"The power to consolidate civil actions in federal court is granted by the provisions of Rule 42(a), Fed. R. Civ. P., as a matter of convenience and economy in judicial administration." Duguay v. Androscoggin Valley Hosp., 1995 U.S. Dist. LEXIS 6985, *3 (D.N.H. May 15, 1995) (citing Wright & Miller, Federal Practice and Procedure: Civil (Second) § 2383, at 437 (West 1995)).

Consideration of a motion under this Rule involves a "two-part framework." Seguro de Servicio de Salud de Puerto Rico v. McAuto Systems Group, Inc., 878 F.2d 5, 8 (1st Cir. 1989). In determining whether to order consolidation, the Court must first ask whether the two proceedings involve a common party and common issues of fact. See Willard v. Town of Lunenburg, No. 98-40200-NMG, 2001 U.S. Dist. LEXIS 17563, at *3-4 (D. Mass. July 31, 2001) (citing Seguro de Servicio de Salud de Puerto Rico, 878 F.2d at 8). Next, the Court has "broad discretion in weighing the costs and benefits of consolidation to determine whether that procedure is appropriate." Seguro de Servicio de Salud de Puerto Rico, 878 F.2d at 8. Once these threshold questions are met in favor of the movant, the Court should order consolidation unless the opposing party can show "demonstrable prejudice." Id. Mr. Kaplan cannot show any such prejudice in this case and thus consolidation is appropriate.

### A.    The Actions Involve Identical Parties and Common Issues of Law and Fact

Consolidation is appropriate here because the parties in Kaplan I and Kaplan II are identical. See 9 C. Wright & A. Miller, Federal Practice and Procedure § 2384 at 447 (1995) ("Actions involving the same parties are apt candidates for consolidation.").

Moreover, both cases share common questions of law and fact. A comparison of the two complaints reveals that they are virtually identical. Both complaints allege a violation of Section 14(e) of the Securities Exchange Act of 1934, based on proxy materials sent in connection with

FHC's annual shareholder meetings.  In fact, Kaplan II is essentially an extension of Kaplan I. Not only do various paragraphs of the Kaplan II complaint repeat the allegations from the complaint in Kaplan I verbatim,[3] but the claim in Kaplan II arises out of much of the same alleged conduct at issue in Kaplan I.  Indeed, the sole difference between Kaplan I and Kaplan II is that the complaint in Kaplan II alleges that the February 2005 proxy materials were false and misleading in opposing Plaintiff's shareholder proposal that 80% of the Board of Directors be independent.  That proposal, in turn, grew out of the issues raised by Plaintiff in Kaplan I.  In sum, both cases involve identical parties and virtually identical questions of law and fact.  As such, the balance costs and benefits clearly weighs in favor of consolidation.

> **B.    Consolidation Will Result in a More Efficient Use of Party and Judicial Resources**

The consolidation of these actions will not prejudice the rights of either party, but will expedite the matters and avoid unnecessary costs and delays associated with having two separate cases proceed through trial.  As noted above, both cases involve the same plaintiff, the same defendant, the same theories of law and almost all the same facts.

Consolidation would promote convenience for all involved and would promote economy of resources because discovery, which includes depositions of out of state witnesses, would not have to be repeated, thereby avoiding the need to ask the same individuals the same questions twice.[4]  The additional discovery needed for the two cases to proceed as one should not cause any significant delay in the start of the trial for Kaplan I; however, it will expedite the resolution

---

[3] Compare paragraph 15 of Kaplan I with paragraph 10 of Kaplan II; paragraph 16 of Kaplan I with paragraph 11 of Kaplan II; paragraph 17 of Kaplan I with paragraph 12 of Kaplan II; and paragraph 18 of Kaplan I with paragraph 13 of Kaplan II.  The Kaplan I complaint and the Kaplan II complaint are attached hereto as Exhibits 1 and 2 respectively.

[4] Thus far in Kaplan I, Mr. Kaplan has only subpoenaed a Rule 30(b)(6) witness, which has not yet been completed.

of <u>Kaplan II</u>. Whatever minor inconvenience may result from delaying <u>Kaplan I</u> is far outweighed by the benefit of avoiding the unnecessary costs and delays associated with having two separate trials. <u>See</u> <u>Storlazzi v. Bakey</u>, 894 F. Supp. 494, 500 (D. Mass. 1995) (holding interest of judicial economy and efficiency outweighed inconvenience and delay caused by consolidation). Furthermore, consolidation makes logistical sense here because both related cases are assigned to this Court, and it would not make sense to have this Court conduct two identical trials, with exactly the same parties, exactly the same witnesses, and almost exactly the same evidence. On balance, there are clear economic advantages to consolidation and no demonstrable disadvantages or prejudice.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, FHC requests that the Court grant consolidation of this action with the matter captioned <u>Richard E. Kaplan v. First Hartford Corporation</u>, Civil Action No. 05-10320-NMG.

Respectfully submitted,

FIRST HARTFORD CORPORATION
By its attorneys,


        /s/ Jonathan I. Handler
Jonathan I. Handler, BBO #561475
Jillian B. Hirsch, BBO #659531
DAY, BERRY & HOWARD LLP
260 Franklin Street
Boston, MA 02110-3179
(617) 345-4600

-and-

-5-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
Dated: May 27, 2005                (860) 275-0100


## CERTIFICATE OF SERVICE

I, Jonathan I. Handler, hereby certify that on this 27th day of May, I served a true and correct copy of the foregoing *Motion to Consolidate* via first class mail on Larry C. Kenna, Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts, 02109.


            /s/ Jonathan I. Handler
            Jonathan I. Handler

-6-