Exhibit 2

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, <br><br> Plaintiff, <br><br> v. <br><br> FIRST HARTFORD CORPORATION, <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No. 05-10320-NMG <br> ) <br> ) <br> ) <br> ) <br> ) |

**FIRST AMENDED
COMPLAINT AND DEMAND FOR JURY TRIAL**

**Nature of the Action**

This is a shareholder action brought against defendant First Hartford Corporation ("First Hartford" or the "Company"). This action arises out of the Company's proxy solicitation in connection with its Annual Meeting of Shareholders called for February 24, 2005. The proxy solicitation materials disseminated by the Company contained false or misleading statements of material fact and omitted to state other material facts necessary to make the materials not false or misleading. In disseminating the false or misleading proxy solicitation materials, the Company engaged in fraudulent, deceptive and/or manipulative acts or practices in violation of the federal securities laws.

**Parties**

1. The Plaintiff, Richard E. Kaplan, is an individual residing in the Commonwealth of Massachusetts. He is and was at all relevant times a shareholder of First Hartford, owning of record and beneficially more than 100,000 shares of the outstanding shares of the Company's

common stock. As a shareholder, Mr. Kaplan has the right to vote his shares at the Company's meetings for which shareholders are provided complete, accurate, and truthful information.

2. Defendant First Hartford is a Maine corporation with a principal place of business in Manchester, Connecticut. First Hartford is in the business of purchasing, developing, owning, managing, and selling real estate. First Hartford has more than 3,000,000 shares of common stock issued and outstanding.

## Jurisdiction and Venue

3. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331(a) and 15 U.S.C. § 78aa.

4. Venue is proper in this Court pursuant to 15 U.S.C. § 78aa and 28 U.S.C. § 1391(b)(2) because the acts or transactions constituting the violations of law giving rise to these claims occurred in this District.

## Facts

5. First Hartford's common stock is registered pursuant to Section 12(g) of the Securities Exchange Act of 1934. The shares of First Hartford trade over the "pink sheets," but are very thinly traded. There is no analyst coverage of the Company.

6. First Hartford is controlled by Neil H. Ellis ("Ellis"), who owns beneficially 42.9% of its outstanding shares, and serves as President and a director.

7. On or about January 31, 2005, First Hartford sent to certain First Hartford shareholders written notice (the "Notice") of an Annual Meeting of Shareholders to be held on February 24, 2005 (the "February 2005 Meeting"). Accompanying the Notice were certain proxy solicitation materials (the "Proxy Materials"). The Proxy Materials are the subject of this Complaint.

8. The Proxy Materials that First Hartford sent to shareholders along with the Notice of the February 2005 Meeting set forth two purposes for the meeting:

    (a)    to elect directors; and

    (b)    to consider and act on a proposal from Plaintiff that would require 80% of the Board of Directors to be independent.

9. The Proxy Materials provided to shareholders were materially false and misleading in several respects, as detailed below.

10. The Proxy Materials, under the heading "Audit Committee Report," state: "First Hartford does not have an audit committee and accordingly its entire Board of Directors fulfills the functions of an audit committee." This is false and misleading. The First Hartford Board of Directors may act as the audit committee, but it is false and misleading to tell shareholders that it fulfills the functions of an audit committee. The primary function of an audit committee is to assure that the independent auditors are properly auditing the financial records prepared by management. In the case of First Hartford, the Board is made up entirely of the management (CEO, treasurer and vice president) who are responsible for the financial statements that the auditors are supposed to be auditing. As such, they are in no position to oversee the auditors. In fact, in the case of First Hartford, the functions of an audit committee are not fulfilled at all. A reasonable stockholder would find such information material in considering whether to elect a board with no outside directors, and whether to approve the proposal to require the inclusion of independent directors on the Board.

11. The Proxy Materials, under the heading "Compensation Committee Report," state: "First Hartford does not have a compensation committee and accordingly its entire Board of Directors fulfills the role of compensation committee." This is false and misleading. The

First Hartford Board of Directors does not even pretend to fulfill the role of a compensation committee. Instead, Ellis alone sets his own compensation and that of the other executive officers.

12. The "Five-Year Performance Graph: 1998-2003," included in the Proxy Materials, purports to show that over the past five years First Hartford has been a good investment for stockholders and misleadingly suggests the prices at which a shareholder could have sold his or her First Hartford shares at various times during the period. This graph is false and misleading, and a reasonable investor would find this information material in deciding whether to elect the directors and how to vote on the proposal to include independent directors on the Board. In fact, there is almost no market for First Hartford stock, and it is very unlikely that a shareholder desiring to sell more than a token number of shares would be able to do so at the prices on the graph.

13. The Proxy Materials are incomplete and misleading because they fail to disclose sufficient information about self-dealing transactions between Ellis and First Hartford. The section entitled "Certain Relationships and Related Transactions" on pages 9-10 of the Proxy Materials and the statement on page 14 that "Mr. Ellis received no remuneration for giving these guarantees" would lead a reasonable shareholder to believe that Mr. Ellis has gratuitously guaranteed various loans, and that any loans from Ellis or his entities to First Hartford are without interest, or are the same as the terms of a related loan from a bank to Ellis. This is false and misleading. For example, as part of a $1,575,000 loan made on or about May 17, 2000 by Ellis's Journal Publishing company to First Hartford's Putnam Parkade subsidiary, the interest payable by the First Hartford subsidiary includes not only interest at prime plus 1% (which would be consistent with the Proxy Material disclosure) but also 95% of the economic interest in

the Putnam Parkade property (95% of the cash flow from the property, and 95% of the net proceeds on any sale of the property). The Proxy Materials are also misleading in omitting to disclose to shareholders that First Hartford does not maintain documentation of the terms of most of the self-dealing transactions between First Hartford and Ellis and his related entities. Such information would be considered material by a reasonable stockholder in determining whether to re-elect Ellis (and directors dominated by Ellis) or whether to approve a requirement for independent directors on the Board.

14. On page 14 of the Proxy Materials, in opposition to the proposal for independent directors on the Board, management states: "The Board of Directors takes action on matters that each director believes to be, in the exercise of his fiduciary responsibilities, in the best interest of First Hartford as a whole, and *all* of its shareholders." This statement is false and misleading. The Board rarely meets, and has a long record of permitting, without meetings, actions to benefit themselves at the expense of First Hartford and its other shareholders.

15. The deceptive and misleading Proxy Materials were mailed to and received by the Plaintiff in the Commonwealth of Massachusetts.

## COUNT I

(Violation of Section 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(e) --
Deceptive And Inadequate Disclosure In Proxy Solicitation)

16. The Plaintiff realleges and incorporates by reference each and every allegation contained above, as though fully set forth herein.

17. The Defendant First Hartford solicited proxies through materials containing false or misleading statements or omissions that a reasonable stockholder would consider material in deciding how to vote.

18. First Hartford's false, misleading, and deceptive Proxy Materials caused injury to the Plaintiff and wrongfully interfered with his rights as a shareholder to receive complete, truthful, and accurate information in connection with his vote and with his rights as a shareholder to have other shareholders provided with complete, truthful and accurate information in connection with their votes.

19. As a result of First Hartford's wrongful conduct, Plaintiff has been irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff demands judgment as follows:

(a) Voiding the shareholder votes taken at the February 2005 Meeting and any actions taken pursuant thereto;

(b) Ordering that a new shareholder meeting be called, with appropriate notice and pursuant to proxy materials which remedy the defects identified herein and which are complete, accurate, truthful and not misleading;

(c) Awarding to the Plaintiff the costs and expenses of this action, including attorneys' fees; and

(d) All such other and further relief as the Court deems just and proper.

## JURY DEMAND

The Plaintiff demands a trial by jury.

RICHARD E. KAPLAN,
Plaintiff,

By his attorneys,

/s/ Larry C. Kenna
Larry C. Kenna (BBO No. 267760)
Robert Rothberg (BBO No. 430980)
CHOATE, HALL & STEWART LLP
Exchange Place
53 State Street
Boston, Massachusetts 02109
(617) 248-5000

Dated: February 28, 2005

3830111v1