# Exhibit 1

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, *Plaintiff*, <br><br> v. <br><br> FIRST HARTFORD CORPORATION, *Defendant.* | Civil Action No. 04-10402-NMG |

**DEFENDANT FIRST HARTFORD CORPORATION'S REPLY
MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION TO CONSOLIDATE**

I. **INTRODUCTION**

Plaintiff Richard Kaplan ("Kaplan") does not oppose defendant First Hartford Corporation ("FHC")'s motion to consolidate the above entitled action, Richard E. Kaplan v. First Hartford Corporation, Civil Action No. 04-10402-NMG, with Richard E. Kaplan v. First Hartford Corporation, Civil Action No. 05-10320-NMG.[1] Kaplan does not -- and cannot -- contest that the two matters involve identical parties and arise out of the same operative facts and law. Kaplan does not -- and cannot -- disagree that consolidation will result in a more efficient use of the parties' and the Court's resources. Rather, in response to FHC's motion, Kaplan asks this Court, without basis in fact or law, to order FHC to refrain from granting so-called "Put

---

[1] Kaplan did not serve an opposition to FHC's motion to consolidate, but rather a response entitled *Plaintiff Richard E. Kaplan's Position Regarding Defendant First Hartford Corporation's Motion to Consolidate* ("Kaplan's Response").

Options"[2] to officers, directors, or employees of FHC pending a resolution of the consolidated cases. For the reasons set forth below, the Court should reject Kaplan's argument and grant FHC's motion to consolidate.

## II. ARGUMENT

Without citing to any supporting legal authority, Kaplan asks this Court to prohibit FHC from granting what he calls "Put Options" to officers, directors, or employees of FHC pending a resolution of the consolidated cases. The Court should decline to grant Kaplan's request for two reasons.

First, the propriety of FHC's granting of options has no bearing on the issue of consolidation in this case. It is well-settled law that to demonstrate the propriety of consolidation, FHC need only show -- as it did in its motion papers – that: (i) the two cases at issue involve a common party and common issues of fact; and (ii) consolidation will result in a more efficient use of the parties' and the Court's resources. See Seguro de Servicio de Salud de Puerto Rico, 878 F.2d 5, 8 (1st Cir. 1989); see also FHC's Motion at 2-5. Once FHC has satisfied these threshold requirements, as it has done here, the Court should order consolidation unless the opposing party can show "demonstrable prejudice." Seguro de Servicio de Salud de Puerto Rico, 878 F.2d at 8. Kaplan has made no attempt to argue that consolidation would be prejudicial. FHC has demonstrated that consolidation is appropriate here and the Court should therefore grant its motion. (FHC's Motion at 2-5.) Whether FHC should be entitled to grant a certain type of stock options to its officers, directors, or employees is simply not before the Court.

---

[2] A "Put Option" is a contract that gives the holder the right to sell a certain quantity of an underlying security to the grantor of the option at a specified price up to a specified date.

Finally, the Court should deny Kaplan's request because it is not part of the relief Kaplan seeks in either this action or the related action. Neither the Complaint in this action nor the First Amended Complaint in the related action -- both of which were filed *after* the grant of options about which Kaplan now complains -- makes mention of "Put Options." Kaplan cannot now be heard for the first time -- and in connection with FHC's motion to consolidate -- to argue that the grant of such options was improper. If Kaplan wishes to prevent FHC from granting additional "Put Options" he must formally seek injunctive relief and meet the heavy burden imposed as a prerequisite for granting that relief, not unilaterally impose conditions, with no basis in law, on an otherwise routine consolidation.

### III.  CONCLUSION

For the reasons set forth above and in FHC's motion papers, FHC respectfully requests that this Court consolidate this action with the matter captioned <u>Richard E. Kaplan v. First Hartford Corporation</u>, Civil Action No. 05-10320-NMG.

        Respectfully submitted,

        FIRST HARTFORD CORPORATION
        By its attorneys,


        /s/ Jillian B. Hirsch
        Jonathan I. Handler, BBO #561475
        Jillian B. Hirsch, BBO #659531
        DAY, BERRY & HOWARD LLP
        260 Franklin Street
        Boston, MA 02110-3179
        (617) 345-4600

                                      -and-

                    John B. Nolan (admitted *pro hac vice*)
                    DAY, BERRY & HOWARD LLP
                    CityPlace I
                    Hartford, CT 06103
Dated: June 22, 2005         (860) 275-0100

## CERTIFICATE OF SERVICE

I, Jillian B. Hirsch, hereby certify that on this 22nd day of June, I served a true and correct copy of the foregoing *Defendant First Hartford Corporation's Reply Memorandum in Further Support of its Motion to Consolidate* via first class mail on Larry C. Kenna, Choate, Hall & Stewart, Exchange Place, 53 State Street, Boston, Massachusetts, 02109.

                                             /s/ Jillian B. Hirsch
                                             Jillian B. Hirsch