United States District Court
District of Massachusetts

| | |
|---|---|
| RICHARD KAPLAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIRST HARTFORD CORPORATION, )<br>)<br>Defendant. )<br>) | Civil Action Nos.<br>04-10402-NMG<br>05-10320-NMG<br>CONSOLIDATED |

MEMORANDUM & ORDER

GORTON, J.

This matter arises from purported violations of Section 14(e) of the Securities Exchange Act of 1934, 15 U.S.C. § 78n(e). With trial imminent, the defendant has moved for summary judgment on the grounds of mootness.

I. Background

The plaintiff, Richard Kaplan ("Kaplan"), owns more than 100,000 shares of the outstanding common stock of defendant, First Hartford Corporation ("FHC"). Each of the complaints in three related cases alleges that proxy materials distributed by defendant contained falsehoods and omissions that rendered the materials misleading. The original complaint filed in 2004 relates to the proxy solicitation for a meeting held in January, 2004 ("Kaplan I"). The 2005 case concerns the proxy solicitation for a meeting held in February, 2005 ("Kaplan II"). A third case

-1-

filed in March, 2006 (Civil Action No. 06-10424), which is also assigned to, and pending in, this session, challenges proxy materials relating to a meeting held in November, 2005 ("Kaplan III").

Plaintiff requests that 1) the shareholder votes (and consequent results) from the previous three annual meetings be voided, 2) new meetings be called pursuant to the distribution of revised proxy materials, 3) he be awarded the costs and expenses of each lawsuit, including attorney's fees and 4) the Court award other and further appropriate relief. Defendant's answers to the complaints deny the material allegations of plaintiff and assert several affirmative defenses. After a hearing in July, 2005, the Court consolidated Kaplan I and Kaplan II.

## II. Motion for Summary Judgment

Currently pending before the Court is a motion of FHC for summary judgment with respect to the claims in Kaplan I and Kaplan II. FHC contends that those cases should be dismissed on the grounds that events subsequent to their commencement have rendered plaintiff's claims moot. Defendant argues that relief sought by Kaplan (e.g., that shareholder votes from the 2004 and 2005 meetings be declared void and that new meetings be convened) would be ineffectual if awarded now and that, consequently, his claims must fail as a matter of law.

Kaplan opposes defendant's motion for summary judgment on

the grounds that: 1) defendant failed to submit a proper statement of undisputed material facts in support of its motion for summary judgment, 2) defendant's 2005 proxy solicitation did not remedy the problems with the 2004 proxy materials and, accordingly, 3) live claims persist for which effectual relief could be granted (e.g., voiding the vote that rejected his shareholder proposal at the February, 2005 meeting). Kaplan also asserts that the relief he seeks in Kaplan III refutes defendant's mootness argument because, if he prevails in that action, he will necessarily obtain some relief consistent with the claims in Kaplan I and Kaplan II.

FHC has moved for leave to file a reply brief in which it intends to dispute Kaplan's contention that Kaplan III precludes its mootness argument. This Court will allow that motion but nevertheless deny the motion for summary judgment notwithstanding the argument made in reply.

### A. Legal Standard

Summary judgment is appropriate where the moving party has shown, based upon the pleadings, discovery and affidavits, "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law". Fed. R. Civ. P. 56(c).

A fact is material if it "might affect the outcome of the suit under the governing law". Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986). "Factual disputes that are irrelevant or unnecessary will not be counted." Id. A genuine issue of material fact exists where the evidence with respect to the material fact in dispute "is such that a reasonable jury could return a verdict for the nonmoving party". Id.

Once the moving party has satisfied its burden, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine, triable issue. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986). The Court must view the entire record in the light most hospitable to the non-moving party and indulge all reasonable inferences in that party's favor. O'Connor v. Steeves, 994 F.2d 905, 907 (1st Cir. 1993). If, after viewing the record in the non-movant's favor, the Court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate.

### B. Statement of Undisputed Material Facts

As an initial matter, the Court will not deny summary judgment solely on the grounds that FHC failed to submit a proper statement of undisputed material facts as is required by LR 56.1 (which directs that failure to provide such a statement, which should make page references to supporting materials, is grounds for denial). Defendant's motion for summary judgment includes a section that specifies undisputed facts and makes specific

reference to supporting materials. Although those references are not as precise as they might have been, the extent of their deficiency does not warrant a denial of summary judgment on that basis alone.

### C. Mootness

Federal courts must dismiss a case as moot where "the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome". Powell v. McCormack, 395 U.S. 486, 496 (1969) (citation omitted). If changes to factual circumstances make relief unavailing, the case is moot. See Horizon Bank & Trust Co. v. Massachusetts, 391 F.3d 48, 53 (1st Cir. 2004). "Where one of the several issues presented becomes moot, the remaining live issues supply the constitutional requirement of a case or controversy", however. Powell, 395 U.S. at 497 (citations omitted). Moreover, limited exceptions to the mootness doctrine exist, such as where claims capable of repetion are likely to evade review. See, e.g., Norman v. Reed, 502 U.S. 279, 288 (1992); Roe v. Wade, 410 U.S. 113, 125 (1973).

FHC makes a strong argument for mootness in that much of the relief initially sought by plaintiff would be pointless if awarded now (e.g., a revocation of the annual election of defendant's directors for 2004-05). Nevertheless, plaintiff's claims barely avoid summary judgment because 1) some of the relief sought could be availing and, 2) although he does not

present the argument, plaintiff's claims are of a sort that are capable of repetition while evading review. Because the distribution of proxy statements and the convening of shareholder meetings are annual events, plaintiff's claims in Kaplan I, Kaplan II and Kaplan III are "inherently temporary such that they will predictably have changed and foreclosed meaningful relief by the time the case has worked its way through the legal system". Horizon Bank, 391 F.3d at 54. For example, although plaintiff may never be able to void past elections of directors because litigation is unlikely to be concluded within defendant's annual election cycle, the entry of permanent injunctive relief might ensure that future elections are conducted properly.

### ORDER

In accordance with the foregoing, Defendant's Motion for Leave to File a Reply Brief (Docket No. 20) is **ALLOWED** but its Motion for Summary Judgment (Docket No. 16) is **DENIED**.

**So ordered.**

_____
Nathaniel M. Gorton
United States District Judge

Dated: April 5, 2006