UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FIRST HARTFORD CORPORATION, )<br>)<br>Defendant. )<br>) | C.A. No. 04-10402-NMG<br>C.A. No. 05-10320-NMG |

**PLAINTIFF RICHARD E. KAPLAN'S MOTION FOR
THE CONTINUANCE OF THE TRIAL OF THESE CONSOLIDATED CASES**

The plaintiff Richard E. Kaplan, pursuant to Local Rule 40.3, hereby moves the Court for the continuance of the trial of these consolidated proxy fraud cases to a date convenient for the Court in September, 2006.

As grounds for this motion, the plaintiff states as follows:

1.  Good cause exists for this motion for a continuance because (i) there is pending between these same parties a case in the District of Maine (Richard E. Kaplan v. First Hartford Corporation and Neil Ellis, C.A. No. 05-144-B-H), scheduled for trial on July 11, 2006, that could result in the dissolution of the defendant First Hartford Corporation and render the trial of these consolidated proxy fraud cases moot; (ii) the parties have waived all claims for trial by jury; and (iii) the plaintiff has been and is willing to mediate the parties' disputes, but cannot do so at the same time he is preparing for the trial of these cases in May, 2006, and the trial of the Maine dissolution case in July, 2006. A copy of the Complaint filed in the Maine litigation is attached hereto and marked <u>Exhibit A</u>.

2.  At the Final Pretrial Conference for Kaplan I and Kaplan II on April 6, 2006, the Court consolidated for trial with those two cases a third proxy fraud case filed by the plaintiff against the defendant on March 9, 2006, <u>Richard E. Kaplan v. First Hartford Corporation</u> (C.A. No. 06-10424-NMG) ("Kaplan III").

3.  At the same time, the Court ordered the parties to trial -- if the trial was to be a jury trial -- on May 1, 2006, and established a schedule for the filing of motions *in limine* and responses, proposed *voir dire*, exhibit and witness lists and objections thereto, and jury instructions.

4.  Also at the Final Pretrial Conference, the Court on its own motion raised the question as to whether any of the claims asserted in the consolidated cases were jury trial claims. Following a discussion of this matter among counsel and the Court, the Court directed counsel to inform the Court by April 10, 2006, whether the parties would waive trial by jury. The plaintiff filed his waiver of trial by jury on April 7, 2006, and on April 10, 2006, the defendant stated that it had no "objection" to proceeding with the trial of these cases without a jury.

5.  Concurrent with the plaintiff's waiver of trial by jury, the plaintiff requested the Court to schedule a Rule 16 Conference to further consider the scheduling of the trial of these consolidated cases, and suggested April 10 or as soon thereafter as might be convenient for the Court to hold the scheduling conference.

6.  At the time of the Final Pretrial Conference, as the parties informed the Court in response to a question from the Court, the parties had voluntarily scheduled a full day mediation of their pending disputes (including these cases and the Maine litigation) for April 26, 2006. On April 12, 2006, not having heard from the Court with respect to the request for a scheduling conference in light of the waiver of jury trial claims, and anticipating the trial of these

consolidated cases in May, 2006 and the trial of the Maine litigation in July, 2006, the plaintiff was forced to withdraw from the mediation.

7. The plaintiff is preparing for the trial of these consolidated cases, and has (as ordered by the Court on April 6, 2006), served a request for the production of documents on the defendant, and noticed the depositions of the defendant and two of its officers and directors.

8. However, it is already clear from statements made to counsel for the plaintiff by counsel for the defendant that there is a dispute over the timing of the discovery allowed the plaintiff by the Court -- the plaintiff believes the Court ordered the production of the defendant's documents by April 21 and allowed the depositions to proceed thereafter (thus, the plaintiff has noticed the depositions for April 25 and April 26), while apparently the defendant believes that the plaintiff was ordered to take its depositions before the defendant was required to produce any documents.

WHEREFORE, for the reasons stated in support of this Motion for Continuance, and for the additional reason that scheduling of the jury waived trial and the course of discovery for that trial needs to be established, the Court should grant the continuance sought by the plaintiff, continue the trial of these cases to September, 2006, and establish a workable discovery schedule to govern proceedings in Kaplan III.

Respectfully submitted,

RICHARD E. KAPLAN,
Plaintiff,

By his attorneys,

/s/ Larry C. Kenna
Larry C. Kenna (BBO No. 267760)
Robert Rothberg (BBO No. 430980)
CHOATE, HALL & STEWART LLP
Two International Place
Boston, Massachusetts 02110
(617) 248-5000

Dated: April 14, 2006

4071116.v1