UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD E. KAPLAN, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FIRST HARTFORD CORPORATION, ) <br> ) <br> Defendant. ) <br> ) | C.A. No. 04-10402-NMG <br> C.A. No. 05-10320-NMG |

**PLAINTIFF RICHARD E. KAPLAN'S MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS BY DEFENDANT FIRST HARTFORD CORPORATION**

The trial of these consolidated proxy fraud cases is scheduled to begin on May 15, 2006. Following the Final Pretrial Conference held on April 6, 2006, in accordance with the Court's order of that date, the plaintiff, Richard E. Kaplan, served a Request for Production of Documents on the defendant, First Hartford Corporation ("FHC"), on April 13, 2006. A copy of the plaintiff's document request is attached hereto and marked Exhibit A. The defendant was to produce documents responsive to the request by no later than April 21, 2006.

On April 20, 2006, the defendant FHC served the plaintiff with its written response to the document request and produced documents. A copy of the defendant's response is attached hereto and marked Exhibit B. For present purposes, there are two categories of documents requested by the plaintiff that the defendant has not produced and refuses to produce, necessitating this Motion to Compel.

First, the plaintiff asked for documents showing payments and transactions between the defendant FHC and an entity called Richmond Realty LLC. See Exhibit A, Request No. 4.[1] The

---

[1] Richmond Realty LLC is owned by FHC director and officer David B. Harding. As such, transactions for the period from April 1, 2004 through October, 2005 were required to be, and were not, reported in the Proxy Statement regardless of their characterization. In addition, to the extent they constitute compensation to Mr. Harding, they are required to be reported for the two preceding years as well, that is for the period from May 1, 2002 forward.

defendant FHC produced some ledger sheets showing such payments and transactions only for the period beginning May 1, 2005 and copies of checks dated after March, 2005. Defendant has been requested, and has refused, to produce similar documents for the entire period covered by the Kaplan III Proxy Statement.

At the 30(b)(6) deposition of FHC, taken on May 2, 2006, the corporation's designee confirmed that such ledger sheets exist. Later on the same day, during the deposition of the President of FHC, Mr. Ellis, counsel for the plaintiff requested the production of the earlier ledger sheets again. The defendant has refused to produce the requested documents. See the attachment hereto marked Exhibit C. There is little burden involved in producing the ledger sheets, as there is a separate account number for the transactions, and there are fewer than 10 pages in total for all of the years combined.

Second, the plaintiff asked for documents showing any payments to Mr. Ellis's daughters by FHC or any entity controlled by FHC. See Exhibit A, Request No. 6. The defendant FHC responded with a hail of objections, but in the end stated that it was not aware of the existence of any such documents. The plaintiff found this response to its document request curious because ledger sheets showing such payments by Hartford Lubbock Limited Partnership, an entity described in the Proxy Statement as "a limited partnership of which Journal Publishing Company, Inc. owns a 99% limited partnership interest and First Hartford owns a 1% general

partnership interest. . .,"[2] had been produced to the plaintiff in response to his document request in the litigation pending between the parties in the federal court in Maine.[3]

The plaintiff then identified the documents for the defendant and requested that they be produced. See the attachment hereto marked Exhibit D. The defendant refused. The plaintiff inquired of the basis for the refusal to produce the documents, and the defendant responded that the documents were not responsive to the plaintiff's request because the Hartford Lubbock Limited Partnership was not controlled by FHC.

The plaintiff then proceeded to attempt to show the defendant that the evidence in these cases demonstrated that a subsidiary of the defendant, Parkade Center, Inc., was the sole general partner of the Hartford Lubbock Limited Partnership, and therefore, the documents were not only responsive to the plaintiff's document request, but were clearly in the possession, custody or control of the defendant and should be produced in these cases. The defendant persisted in refusing to produce the documents, claiming that they were "considering" or "thinking further about" the plaintiff's request. See the attachment hereto marked Exhibit D.

At the deposition of the defendant's President, Neil H. Ellis, on May 2, 2006, the basis for the defendant's position that the Hartford Lubbock Limited Partnership is not controlled by the defendant became clearer. Simply stated, Ellis, who through his company Journal Publishing Company, Inc. owns a 99% limited partner interest in the Hartford Lubbock Limited Partnership, claimed (a) that he did not know which FHC subsidiary was the general partner of FHC, but that

---

[2] The Proxy Statement also states: "Mr. Ellis's wife is the President of Journal Publishing Company, a subsidiary of Green Manor Corporation, which is wholly owned by Mr. Ellis and his wife."

[3] In the Maine federal court litigation, a standard Confidentiality Order was entered which prohibits the parties from using documents marked confidential by the parties for any purpose but the litigation in Maine. FHC had marked the subject documents confidential in the Maine litigation, and had never produced them in these consolidated cases. This led to the anomalous result that, absent agreement of the parties or a modification of the Maine case confidentiality order -- neither of which the defendant FHC would agree to despite the plaintiff's requests -- the plaintiff could not use documents that were relevant to these cases, and that it had in its possession, in these cases. Thus, the plaintiff requested the documents in these cases, but was met with the response that the defendant FHC was not aware of the existence of any such documents.

3

it was only "nominally" the general partner, and (b) that the general partner did not control Hartford Lubbock Limited Partnership, and (c) he, Neil Ellis, controlled the partnership in his capacity as the indirect owner of the limited partner. Ellis did not deny the existence of the documents or the payments to his daughters -- indeed he admitted paying his daughters and son-in-law monies over several years from the partnership -- but the defendant has persisted in refusing to produce the documents that show those payments and the amounts of such payments on the grounds that Hartford Lubbock Limited Partnership is controlled by Ellis rather than by the FHC subsidiary.

This argument is truly unusual. Under the Hartford Lubbock Limited Partnership partnership agreement, FHC's wholly-owned subsidiary Parkade Center, Inc. has the sole power to manage Hartford Lubbock Limited Partnership, and Ellis's limited partner entity is excluded from the management of Hartford Lubbock Limited Partnership. See the attachment hereto marked Exhibit E. Ellis is appropriately involved in the management of Hartford Lubbock Limited Partnership, since he is the President of Parkade Center, Inc., the general partner. See the attachment hereto marked Exhibit F. Therefore, Mr. Ellis's involvement in the management of Hartford Lubbock Limited Partnership is fully consistent with (a) the partnership agreement and filings, and (b) FHC's control of Hartford Lubbock Limited Partnership.

What is truly remarkable is Mr. Ellis's testimony, given for the purpose of justifying withholding documents, that his management of Hartford Lubbock Limited Partnership is as an officer of the limited partner (which has no management authority) and not as officer of the general partner (which has full management authority). Basically, he is asking the Court (a) to ignore the Hartford Lubbock Limited Partnership partnership agreement under which FHC controls Hartford Lubbock Limited Partnership and Ellis's limited partner does not, and (b) to accept at face value Ellis's convenient mental construct by which he has testified with certainty

that his management activities at Hartford Lubbock Limited Partnership (which are completely appropriate in his capacity as President of the general partner) are solely in his capacity as an officer of the limited partner.

WHEREFORE, the plaintiff respectfully requests that the Court order the defendant FHC to produce the requested documents.

> Respectfully submitted,
>
> RICHARD E. KAPLAN,
> Plaintiff,
>
> By his attorneys,
>
> /s/ Larry C. Kenna
> Larry C. Kenna (BBO No. 267760)
> Robert Rothberg (BBO No. 430980)
> CHOATE, HALL & STEWART LLP
> Two International Place
> Boston, Massachusetts 02110
> (617) 248-5000

Dated: May 9, 2006

4079412v1