# Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| RICHARD E. KAPLAN, | ) ) ) | |
| Plaintiff, | ) ) | C.A. No. 04-10402-NMG |
| | ) | No. 05-10320-NMG |
| v. | ) ) | No. 06-10424-NMG |
| FIRST HARTFORD CORPORATION, | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT FIRST HARTFORD CORPORATION'S RESPONSE TO PLAINTIFF RICHARD E. KAPLAN'S REQUEST FOR THE PRODUCTION OF DOCUMENTS

Pursuant to Rule 34 of the Federal Rules of Civil Procedure and the Court's April 6, 2006 Order, defendant First Hartford Corporation ("First Hartford") hereby responds and objects to plaintiff Richard E. Kaplan ("Kaplan")'s First Request for Production of Documents ("Kaplan's Document Request").

## GENERAL OBJECTIONS AND CONDITIONS OF PRODUCTION

First Hartford incorporates each of the following General Objections and Conditions (the "General Objections") into each of its responses below:

1.     First Hartford objects, and will not produce documents in response, to Kaplan's Document Request to the extent it seeks documents that fall outside the scope of discovery permitted by the Court at the April 6, 2006 final pretrial conference (the "Final Pretrial Conference"), i.e., documents that "relate solely" to the November 2005 Meeting (the "November 2005 Meeting").

2.     First Hartford objects to Kaplan's Document Request on the grounds that it does not include definitions or instructions.

51339033.1

3.    First Hartford objects, and will not produce documents in response, to Kaplan's Document Request to the extent it seeks to impose any obligation upon First Hartford beyond the scope of the Federal Rules of Civil Procedure.

4.    First Hartford objects, and will not produce documents in response, to Kaplan's Document Request to the extent that it seeks documents that are protected by the attorney-client privilege, the work product doctrine, or Federal Rule of Civil Procedure 26(b)(3). Any inadvertent production of a document that is subject to any such privilege or immunity from discovery shall not be deemed to constitute a waiver of any such privilege or protection. First Hartford also reserves the right to demand that Kaplan return any inadvertently produced document and all copies thereof.

5.    First Hartford objects, and will not produce documents in response, to Kaplan's Document Request to the extent it seeks documents prepared by experts retained in anticipation of litigation or preparation for trial who have not been designated to be called as witnesses at trial.

6.    First Hartford objects to Kaplan's Document Request to the extent it purports to require First Hartford to identify, obtain, or produce documents not within First Hartford's possession, custody or control.

7.    First Hartford objects to each and every individual request set forth in Kaplan's Document Request to the extent it, whether standing alone or taken in conjunction with any other request, is vague or overbroad, or is calculated, or would operate, to annoy, embarrass, oppress, unduly burden, or unduly cause expense to First Hartford, or would be unduly vexatious or unduly burdensome to respond to, on the ground that said request or requests exceed the permissible scope of discovery available under the Federal Rules of Civil Procedure.

51339033.1                                  -2-

8.    First Hartford objects to Kaplan's Document Request to the extent it seeks documents irrelevant to the dispute between First Hartford and Kaplan and that are not reasonably calculated to lead to the discovery of admissible evidence.

9.    First Hartford objects to Kaplan's Document Request to the extent that any of the requests set forth therein are repetitive and duplicative and therefore exceed the permissible scope of discovery available under the Federal Rules of Civil Procedure.

10.    First Hartford objects to Kaplan's Document Request to the extent it seeks production of "all" documents in First Hartford's possession, custody or control.  First Hartford's responses are and will be based upon reasonable and diligent searches and inquiries to locate and identify responsive, non-privileged documents.

11.    First Hartford objects to those individual requests set forth in Kaplan's Document Request that utilize the terms "reflect," "relate to," "regarding," "concerning," "sufficient to," or words of similar import, as those requests are so overbroad, vague, and indefinite that they fail to identify with reasonable particularity what documents Kaplan seeks.  First Hartford further objects that a request employing these words is so overbroad as to require First Hartford to examine every document in its possession and is therefore vexatious and unduly burdensome, seeks irrelevant material, and thereby imposes an unnecessary and unreasonable burden and expense upon First Hartford.

12.    First Hartford responds to Kaplan's Document Request without waiving the right to object on any grounds to the admission into evidence of any document produced in response to Kaplan's Document Request in this or any other proceeding.

13.    By agreeing to produce documents, First Hartford does not represent that there are documents responsive to each request.

14.    First Hartford responds to Kaplan's Document Request without waiving the right to object at any time to any demand for further discovery involving the subject matter of individual requests.

15.    First Hartford objects to Kaplan's Document Request to the extent it seeks documents that are equally or more accessible to Kaplan.

## RESPONSES AND OBJECTIONS TO SPECIFIC DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1.

Minutes, recordings, or other reports or descriptions of each regular or special meeting of the Board of Directors of FHC between 1984 and the present, not previously produced.

### RESPONSE NO. 1.

For the reasons stated in the General Objections, First Hartford objects to this request. In particular, First Hartford objects, and will not produce documents in response, to this request on the ground that it seeks documents that fall outside the scope of discovery permitted by the Court at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005 Meeting. Subject to and without waiving these objections, First Hartford will produce non-privileged documents in its possession, custody or control that are responsive to Request No. 1 to the extent they (i) relate to the November 2005 Meeting, and (ii) were not previously produced.

### DOCUMENT REQUEST NO. 2.

Minutes, records, or other reports or descriptions of every meeting between May 1, 2000 and the present of the compensation committee, if any, created by the Board of Directors of FHC.

### RESPONSE NO. 2.

For the reasons stated in the General Objections, First Hartford objects to this request. In particular, First Hartford objects, and will not produce documents in response, to this request on the ground that it seeks documents that fall outside the scope of discovery permitted by the Court

at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005

Meeting. Subject to and without waiving these objections, First Hartford states that it is not

aware of any documents in its possession, custody, or control responsive to this request.

## DOCUMENT REQUEST NO. 3.

All documents reviewed by the Board of Directors of FHC from May 1, 2000 through
October 26, 2005, that relate to the Board's performance of the functions of a compensation
committee.

## RESPONSE NO. 3.

For the reasons stated in the General Objections, First Hartford objects to this request. In

particular, First Hartford objects, and will not produce documents in response, to this request on

the ground that it seeks documents that fall outside the scope of discovery permitted by the Court

at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005

Meeting. Subject to and without waiving these objections, First Hartford will produce non-

privileged documents in its possession, custody or control that are responsive to Request No. 3 to

the extent they (i) relate to the November 2005 Meeting, and (ii) were not previously produced.

## DOCUMENT REQUEST NO. 4.

Documents describing or memorializing each transaction between Richmond Realty,
LLC or any entity controlled by David Harding, on the one hand, and FHC or any subsidiary of
FHC (consolidated or unconsolidated), on the other, since May 1, 2000, including without
limitation the written management contracts described by David Harding on page 64 of his
depositions.

## RESPONSE NO. 4.

For the reasons stated in the General Objections, First Hartford objects to this request. In

particular, First Hartford objects, and will not produce documents in response, to this request on

the ground that it seeks documents that fall outside the scope of discovery permitted by the Court

at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005

Meeting. Further, First Hartford objects to the phrase "consolidated or unconsolidated" on the

51339033.1                          -5-

grounds that it is vague and ambiguous.  Subject to and without waiving these objections, First

Hartford will produce non-privileged documents in its possession, custody or control that are

responsive to Request No. 4 to the extent they (i) relate to the November 2005 Meeting, and

(ii) were not previously produced.

## DOCUMENT REQUEST NO. 5.

All documents that refer or relate to the statement on page 14 of the Proxy Statement as follows: "Provisions have been included to meet the requirements for deductibility of executive compensation for the purposes of Section 162(m) of the Internal Revenue Code with respect to options and other awards by qualifying grants and payments under the 2003 Plan as performance-based compensation."

## RESPONSE NO. 5.

For the reasons stated in the General Objections, First Hartford objects to this request.  In

particular, First Hartford objects to this request on the ground that the term "Proxy Statement" is

undefined.  For purposes of responding to this request, First Hartford understands "Proxy

Statement" to mean the proxy statement distributed by First Hartford to its shareholders in

connection with the November 2005 Meeting.  Subject to and without waiving these objections,

First Hartford states that it is not aware of any documents in its possession, custody, or control

responsive to this request other than the 2003 Stock Option Plan itself, which was attached to the

proxy statement distributed by First Hartford in connection with the January 22, 2004

shareholders meeting.

## DOCUMENT REQUEST NO. 6.

All documents referring or relating to payments by FHC or any subsidiary of FHC (consolidated or unconsolidated), or any entity controlled by FHC, to Neil Ellis's daughters from May 1, 2000 to the present.

## RESPONSE NO. 6.

For the reasons stated in the General Objections, First Hartford objects to this request.  In

particular, First Hartford objects, and will not produce documents in response, to this request on

the ground that it seeks documents that fall outside the scope of discovery permitted by the Court

at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005

Meeting. Further, First Hartford objects to the phrase "consolidated or unconsolidated" on the

grounds that it is vague and ambiguous. Subject to and without waiving these objections, First

Hartford states that it is not aware of any documents in its possession, custody, or control

responsive to this request.

## DOCUMENT REQUEST NO. 7.

All documents referring or relating to the October 2004 refinancing of Putnam Parkade
and repayment of the Putnam Parkade loan to Journal Publishing.

## RESPONSE NO. 7.

For the reasons stated in the General Objections, First Hartford objects to this request. In

particular, First Hartford objects, and will not produce documents in response, to this request on

the ground that it seeks documents that fall outside the scope of discovery permitted by the Court

at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005

Meeting. Subject to and without waiving these objections, First Hartford will produce non-

privileged documents in its possession, custody or control that are responsive to Request No. 7 to

the extent they (i) relate to the November 2005 Meeting, and (ii) were not previously produced.

## DOCUMENT REQUEST NO. 8.

All documents referring or relating to the grants of the nonqualified options and put
options that are referenced in the Proxy Statement mailed to shareholders with the Notice of the
Annual Meeting for November 30, 2005.

## RESPONSE NO. 8.

For the reasons stated in the General Objections, First Hartford objects to this request. In

particular, First Hartford objects, and will not produce documents in response, to this request on

the ground that it seeks documents that fall outside the scope of discovery permitted by the Court

at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005

Meeting. Subject to and without waiving these objections, First Hartford will produce non-

privileged documents in its possession, custody or control that are responsive to Request No. 8 to

the extent they (i) relate to the November 2005 Meeting, and (ii) were not previously produced.

## DOCUMENT REQUEST NO. 9.

All documents referring or relating to money owed to FHC or any subsidiary of FHC
(consolidated or unconsolidated) by Richmond Realty LLC or any other entity controlled by
Harding, Ellis or Greenwald (and not controlled by FHC).

## RESPONSE NO. 9.

For the reasons stated in the General Objections, First Hartford objects to this request. In

particular, First Hartford objects, and will not produce documents in response, to this request on

the ground that it seeks documents that fall outside the scope of discovery permitted by the Court

at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005

Meeting. Further, First Hartford objects to the phrase "consolidated or unconsolidated" on the

grounds that it is vague and ambiguous. Subject to and without waiving these objections, First

Hartford will produce non-privileged documents in its possession, custody or control that are

responsive to Request No. 9 to the extent they (i) relate to the November 2005 Meeting, and (ii)

were not previously produced.

## DOCUMENT REQUEST NO. 10.

All document referring or relating to the indebtedness of FHC or any subsidiary of FHC
(consolidated or unconsolidated) to Ellis and/or entities owned or controlled by Mr. Ellis and his
wife as of (i) April 30, 2002; (ii) April 30, 2003; (iii) April 30, 2004; and (iv) April 30, 2005.

## RESPONSE NO. 10.

For the reasons stated in the General Objections, First Hartford objects to this request. In

particular, First Hartford objects, and will not produce documents in response, to this request on

the ground that it seeks documents that fall outside the scope of discovery permitted by the Court

51339033.1                                        -8-

at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005

Meeting. Further, First Hartford objects to the phrase "consolidated or unconsolidated" on the

grounds that it is vague and ambiguous. Subject to and without waiving these objections, First

Hartford will produce non-privileged documents in its possession, custody or control that are

responsive to Request No. 10 to the extent they (i) relate to the November 2005 Meeting, and (ii)

were not previously produced.

## DOCUMENT REQUEST NO. 11.

All documents referring or relating to the indebtedness of Ellis and/or entities owned or
controlled by Ellis and his wife to FHC or any subsidiary of FHC (consolidated or
unconsolidated) as of (i) April 30, 2002; (ii) April 30, 2003; (iii) April 30, 2004; and (iv) April
30, 2005.

## RESPONSE NO. 11.

For the reasons stated in the General Objections, First Hartford objects to this request. In

particular, First Hartford objects, and will not produce documents in response, to this request on

the ground that it seeks documents that fall outside the scope of discovery permitted by the Court

at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005

Meeting. Further, First Hartford objects to the phrase "consolidated or unconsolidated" on the

grounds that it is vague and ambiguous. Subject to and without waiving these objections, First

Hartford states that it is not aware of any documents in its possession, custody, or control

responsive to this request.

## DOCUMENT REQUEST NO. 12.

All documents referring or relating to the write-off, write-down or similar reduction (i.e.,
other than by reason of cash payment) by FHC or any subsidiary of FHC (consolidated of
unconsolidated) at any time since May 1, 1997, of any indebtedness of Ellis, Harding or
Greenwald, or any of their spouses, or any entities owned or controlled by them or by any of
their spouses (other than FHC or its subsidiaries).

**RESPONSE NO. 12.**

For the reasons stated in the General Objections, First Hartford objects to this request. In

particular, First Hartford objects, and will not produce documents in response, to this request on

the ground that it seeks documents that fall outside the scope of discovery permitted by the Court

at the Final Pretrial Conference, i.e., documents that "relate solely" to the November 2005

Meeting. Further, First Hartford objects to the phrases "similar reduction" and "consolidated or

unconsolidated" on the grounds that they are vague and ambiguous. Subject to and without

waiving these objections, First Hartford states that it is not aware of any documents in its

possession, custody, or control responsive to this request.

Respectfully submitted,

FIRST HARTFORD CORPORATION

By its attorneys,

*Jillian B. Hirsch*

Jonathan I. Handler, BBO #561475
Jillian B. Hirsch, BBO #659531
DAY, BERRY & HOWARD LLP
One International Place
Boston, MA 02110
(617) 345-4600

-and-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated:  April 20, 2006

## CERTIFICATE OF SERVICE

I, Jillian B. Hirsch, do hereby certify that I have served the within **Defendant's Response to Plaintiff's Request for Production of Documents** by causing a copy thereof to be hand delivered to Larry C. Kenna, Choate, Hall & Stewart LLP, Two International Place, Boston, MA 02110, this 20th day of April, 2006.

Jillian B. Hirsch
Jillian B. Hirsch