UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN,<br><br>           Plaintiff,<br><br>v.<br><br>FIRST HARTFORD CORPORATION,<br><br>           Defendant. | C.A. No. 04-10402-NMG<br>C.A. No. 05-10320-NMG<br>C.A. No. 06-10424-NMG<br>CONSOLIDATED |

**PLAINTIFF'S MEMORANDUM IN SUPPORT
OF AWARD OF ATTORNEYS' FEES AND EXPENSES**

I.    AVAILABILITY OF ATTORNEYS' FEES IN PROXY FRAUD CASES

    A.    Awarding of Attorneys' Fees

Despite the traditional American Rule under which parties are typically expected to bear their own costs of litigation, courts have created exceptions whereby the prevailing party can shifts its litigation costs to the losing party. Such an exception exists where, as here, a shareholder prevailed in a proxy fraud case brought pursuant to 15 U.S.C. §78n(a) (hereinafter "§14[a]") and SEC Rule 14a-9.

    B.    *Mills v. Electric Auto-Lite Company*

The case that developed the §14(a) exception to the American Rule is *Mills v. Electric Auto-Lite Company*, 396 U.S. 375, 389-390 (1970). In *Mills*, the plaintiff-shareholders sought to set aside a corporate merger, arguing that the proxy statement in which votes for the merger were solicited was false or misleading. *Id.* at 377. The Supreme Court determined that the shareholders had established that the proxy statement included a material misstatement. *Id.* at 384-385. Based on this determination, the Court further found that the prevailing shareholders should be reimbursed by the corporation for their legal expenses. *Id.* at 389-390.

The Court found that the prevailing shareholders were entitled to reimbursement for their attorneys' fees despite the absence of authorization for such relief in the statute. *Id.* at 390. Citing other cases in which attorneys' fees had been awarded without express authorization, the Court reasoned that equitable mandates required such relief. "A primary judge-created exception [to the American Rule that attorneys' fees are not ordinarily recoverable as costs] has been to award expenses where a plaintiff has successfully maintained a suit, usually on behalf of a class, that benefits a group of others in the same manner as himself." *Id.* at 392 (citing *Fleischmann Corp. v. Maier Brewing Co.*, 386 U.S. 714, 718-19 (1967)). Where there have been false or misleading representations in a proxy statement, the stockholders as a group are deceived. *See id.* Thus, it is appropriate to reimburse the shareholder who takes the initiative and brings suit for the benefit of the corporation and the other shareholders.

Of additional significance is the Court's finding that "[t]he fact this suit has not produced, and may never produce, a monetary recovery from which the fees could be paid does not preclude an award [of attorneys' fees]. . . ." *Id.* Justifying this conclusion, the Court found the following:

> In many suits under §14(a), particularly where the violation does not relate to the terms of the transaction for which proxies are solicited, it may be impossible to assign monetary value to the benefit. Nevertheless, the stress placed by Congress on the importance of fair and informed corporate suffrage leads to the conclusion that, in vindicating the statutory policy, petitioners have rendered a substantial service to the corporation and its shareholders.

*Id.* at 396 (citation omitted).

    C.    <u>Fees Are Warranted Where a Substantial Service is Rendered</u>

Other cases are in accord with the analysis set forth in *Mills*, and have found that an award of attorneys' fees is appropriate in §14(a) cases. *See Amalgamated Clothing & Textile*

*Workers Union v. Wal-Mart Stores, Inc.*, 54 F.3d 69, 72 (2d Cir. 1995) (noting that "fees are regularly allowed for successful 14a-9 lawsuits"); *Smillie v. Park Chem. Co.*, 710 F.2d 271, 275 (6th Cir. 1983) (awarding attorneys' fees in a lawsuit brought pursuant to §14(a)); *Reiser v. Del Monte Props. Co.*, 605 F.2d 1135, 1140 (9th Cir. 1979) (finding that attorneys' fees can be awarded in a §14(a) suit even in case that never went to trial because subsequent actions of management rendered the case moot).

The rationale for awarding attorneys fees in such cases is that the creation of §14(a) "stemmed from the congressional belief that 'fair suffrage is an important right that should attach to every equity security bought on a public exchange.'" *J.I. Case Co. v. Borak*, 377 U.S. 426, 431 (1964) (*quoting* H.R. Rep. No. 1383, 73rd Cong., 2d Sess. 13 (1934)). Litigation that enhances suffrage and forces corporations to provide the information necessary for informed voting provides a benefit to all who are entitled to vote. *See id.*; *see also Amalgamated Clothing & Textile Workers Union*, 54 F.3d at 71 (finding that, under SEC Rule 14a-8, the "right to cast an informed vote, in and of itself, is a substantial interest worthy of vindication"); *Krauth v. Executive Telecard, Ltd.*, No. 95 CIV.3967(RWS), 1996 WL 29420, *16 (S.D.N.Y. Jan 24, 1996) ("The benefit of complete information is one which inures to the benefit of shareholders as a whole."); *Fountain v. Avondale Indus., Inc.*, Civ. A. No.95-1198, 1996 WL 190104, *1 (E.D. La. Apr. 18, 1996) ("All shareholders benefit from enforcement of the statutory guarantee of accurate information in proxy materials."). A substantial service is rendered to the corporation and its shareholders where, as here, the interests of "fair and informed corporate suffrage" are advanced. *See Mills*, 396 U.S. at 396.

D.  Fees Are Warranted in This Case

The Court found that First Hartford Corporation ("FHC") made materially misleading statements and omissions in all three proxy statements challenged by the plaintiff Mr. Kaplan.

3

The Court found (i) that the FHC Board had authorized and implemented put options despite the fact that those options had not been reviewed or approved by the shareholders; (ii) that the Hartford Lubbock transaction never received formal FHC Board approval; (iii) that there were non-disclosures regarding Harding's continuing position with Richmond Realty LLC after January, 2003, and additional non-disclosures regarding Richmond Realty LLC; (iv) that the proxy statements omitted and/or misstated disclosures required by federal regulations or which related to transactions in which FHC management had a personal interest; (v) that FHC was negligent with respect to the composition of its proxy statements and observance of corporate formalities; (vi) that the transactions challenged by the plaintiff were significant in "confirming Ellis's peremptory control over FHC's management and the Board and the comprehensive lack of proper corporate governance"; and (vii) that FHC should have disclosed the material terms of the transactions in which Ellis or his family were personally interested, the details concerning the potential benefits and detriments to Ellis personally, and the relationship between Richmond Realty, Harding, Ellis and FHC.

In addition, the Court noted "the efforts of FHC to provide more accurate disclosures with each succeeding proxy statement," efforts that were undoubtedly caused by the plaintiff's pointing out the misleading statements and omissions in the proxy statements in these lawsuits, and the plaintiff's persistence in pursuing these lawsuits. As a result of the plaintiff's efforts in these cases, the shareholders of FHC will be better informed concerning FHC's management and certain significant transactions and relationships between and among FHC's officers, directors and the corporation, and, accordingly, will be better informed when called upon by management to vote on corporate issues in the future.

## CONCLUSION

The right of shareholders of public corporations to cast informed votes is an important statutory right worthy of vindication. This Court should find that the plaintiff, Mr. Kaplan, has conferred a substantial benefit on the shareholders of FHC by bringing these consolidated cases and by pursuing them successfully through trial. The plaintiff here should be reimbursed by FHC for his attorneys' fees and related expenses incurred in these consolidated cases.

        Respectfully submitted,

        RICHARD E. KAPLAN,
        Plaintiff,

        By his attorneys,

        /s/ Larry C. Kenna
        Larry C. Kenna (BBO No. 267760)
        Robert Rothberg (BBO No. 430980)
        CHOATE, HALL & STEWART LLP
        Two International Place
        Boston, Massachusetts 02110
        (617) 248-5000

Dated: July 24, 2006

4103175v2