# Exhibit 2

United States District Court
District of Massachusetts

|   |   |
|---|---|
| RICHARD E. KAPLAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. |
| v. ) | 04-10402-NMG |
| ) | |
| FIRST HARTFORD CORPORATION, ) | |
| ) | |
| Defendant. ) | |

MEMORANDUM & ORDER

GORTON, J.

In this action, shareholder Richard E. Kaplan ("Kaplan") alleges that the proxy solicitation materials distributed in connection with the Annual Meeting of Shareholders of First Hartford Corporation held on January 22, 2004 ("the Meeting") contained false of misleading statements of material fact and omitted other material facts, in violation of the federal securities laws. The one-count complaint alleges violations of Section 14(e) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78n(e) which pertains to false statements and material omissions in connection with proxy solicitation. Kaplan also alleges that First Hartford Corporation ("FHC") violated Rule 14a-9 which prohibits solicitation by use of false or materially misleading proxies.

-1-

Counsel for the parties conferred regarding discovery on July 1, 2004, pursuant to Local Rule 37.1(a), but were unable to reach agreement on several discovery issues which are now unwelcomely before the Court.

I. <u>Protective Order</u>

The Joint Motion for Entry of Stipulated Protective Order (Docket No. 11) is **ALLOWED**. The Court will enter the Stipulated Protective Order as attached to the joint motion.

II. <u>Proxies and Shareholder List</u>

Plaintiff's Motion to Compel the Production of Documents by the Defendant (Docket No. 9) is **ALLOWED, in part, and DENIED, in part**. Defendant is ordered to produce the list of shareholder names and addresses used in connection with the mailing of proxy materials for the Meeting, as described in plaintiff's Document Request No. 3, and plaintiff may use the list for any proper purpose. The shareholder list will not be covered by any protective order.

Defendant is also ordered to produce all proxies submitted to FHC shareholders in connection with the January 23, 2004 Shareholders Meeting, as described in plaintiff's Document Request No. 2. The proxy records will be subject to the Stipulated Protective Order entered by this Court and, if

designated by defendant as Confidential Material, will be treated as such pursuant to the terms of that Order.

III. <u>Information Regarding Plaintiff's Shares</u>

FHC's Motion to Compel Production of Documents (Docket No. 12) is **ALLOWED, in part, and DENIED, in part**. Plaintiff is ordered to produce documents, as he agreed to do in his response to FHC's motion, sufficient to show that he has been the record and beneficial owner, with sole voting power, of more than 1,000 shares of FHC at all times during the past 10 years. Because the complaint placed plaintiff's ownership at issue by stating that he has owned beneficially more than 19% of the outstanding shares of FHC, plaintiff is further ordered to produce documents sufficient to show that he was the beneficial owner of at least 19% of the common shares of FHC at all times relevant to this action (i.e., December 29, 2003, when the Notice was mailed, January 22, 2004, when the Meeting was held, and February 27, 2004, when this action was filed) and that he had the undiluted right to vote at least some of those shares at the Meeting.

Plaintiff need not produce the remainder of documents requested by FHC pertaining to his stock holdings because much of it is irrelevant to this action, unnecessarily intrusive and burdensome and there is no apparent reason why defendant needs that information for any relevant purpose.

IV.  Scheduling Order

The Joint Motion to Modify Scheduling Order (Docket No. 15) is **ALLOWED**.  All fact discovery shall be completed on or before January 31, 2005.  Dispositive motions, including motions for summary judgment, if any, shall be filed on or before February 28, 2005, and responses thereto on or before March 31, 2005.  Reply briefs will be filed only with leave of court and upon good cause shown.  The final pretrial conference will be held on Thursday, June 16, 2005, at 3:00 P.M.

**So ordered.**

                                    /s/ Nathaniel M. Gorton
                                    Nathaniel M. Gorton
                                    United States District Judge

Dated: November 29, 2004