# Exhibit 3

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| RICHARD E. KAPLAN,<br><br>Plaintiff,<br><br>v.<br><br>FIRST HARTFORD CORPORATION,<br><br>Defendant. | Civil Action No. 04-10402-NMG |

## PLAINTIFF RICHARD E. KAPLAN'S OPPOSITION TO DEFENDANT FIRST HARTFORD CORPORATION'S MOTION FOR RECONSIDERATION OR FOR CLARIFICATION

In this Court's Memorandum & Order dated November 29, 2004, at page 2, the Court ordered the defendant First Hartford Corporation ("FHC") "to produce the list of shareholder names and addresses used in connection with the mailing of proxy materials for the [January 22, 2004] Meeting, as described in plaintiff's Document Request No. 3 ... ." The Court added to that order "and plaintiff may use the list for any proper purpose. The shareholder list will not be covered by any protective order."

FHC has seized upon this Court's use of the words "proper purpose," and, complaining that this Court has not defined its terms, has refused to comply with the Court's order to produce the shareholder list pending reconsideration or clarification of the order. FHC is blatantly disregarding this Court's clear direction to produce the shareholder list and has grossly mischaracterized the unrelated proceedings in the state of Maine between Mr. Kaplan and FHC.[1]

---

[1] While Mr. Kaplan's motion to compel production of the shareholder list used in connection with the mailing of the proxies for the January, 2004 meeting was *sub judice* in this Court, FHC declared that the 2004 annual meeting of

FHC urges reconsideration of this Court's order to produce the shareholders list by advancing a false premise. According to FHC, a judge of the Maine Superior Court recently dismissed an action brought by Mr. Kaplan against FHC in which Mr. Kaplan sought production of "the same list that this Court has ordered FHC to produce." *See* FHC's Motion for Reconsideration or for Clarification at page 1. Nothing could be further from the truth, as evidenced by Exhibit 5 to FHC's Motion for Reconsideration or Clarification, the Decision and Order of Atwood, J., Justice of the Superior Court of Maine dated November 29, 2004. In his Decision and Order at pages 2-3, Justice Atwood states:

> FHC interprets [the case pending between Mr. Kaplan and FHC in federal court in Massachusetts] and its motion to compel [a list of shareholders] as seeking essentially the same remedy as the complaint pending here. *It is obvious, however, that that litigation is readily distinguishable from the current effort to replace FHC's board by shareholder action to which this case is ancillary.* In the Massachusetts case, Kaplan is, apparently, attempting to bring the corporation to task for engaging in deceptive proxy practices and, thereby, violating SEC rules. It is unlikely that that case, if successful, will result in the remedy of the current board being replaced by an independent board. *As well, if the motion to compel [then pending in the instant case] is successful, it would yield a list of shareholders at the time of the alleged offending proxy solicitation and not a current list which would be useful to the plaintiff in his effort to replace the board.* Accordingly, this court must conclude that the Massachusetts case and this one are quite different, and that the motion to compel there and the complaint here would, in all likelihood, yield different shareholder lists."[2] (emphasis supplied)

---

shareholders would be held on December 6, 2004. Mr. Kaplan timely served FHC with a shareholder proposal advocating the election of independent directors, and FHC indicated to Mr. Kaplan that it would include his proposal in the proxy materials for the December, 2004 meeting. Mr. Kaplan then requested to inspect and copy the shareholder list *as it existed at the time* so that he could communicate with shareholders prior to the December, 2004 meeting to advocate on behalf of his shareholder proposal. FHC refused Mr. Kaplan's request for the shareholder list *as it existed at the time*. Accordingly, Mr. Kaplan filed an action in Maine state court seeking an order for the production of *the current list* of shareholders. Shortly after that action was filed, FHC postponed the 2004 annual meeting. Following briefing and argument in the Maine state court, Justice Atwood issued his Decision and Order dated November 29, 2004. That Decision and Order is discussed in more detail *infra*.

[2] Justice Atwood included a footnote to this text as follows: "Indeed, there is no reason to believe that action on the motion to compel [then pending in the instant case] would have res judicata effect as to this complaint or vice versa. Similarly, inconsistent results in this case and the Massachusetts matter would be of no consequence."

2

FHC's argument for reconsideration is grossly misleading because of FHC's false premise that the Maine case and the instant case both seek the same shareholders list. FHC says that since the Maine state court rejected Mr. Kaplan's litigation to obtain the list because Mr. Kaplan, according to that court, did not articulate a proper purpose for the list, it follows that this Court has committed error by stating that Mr. Kaplan may use the list for "any proper purpose."[3] FHC's argument stretches the bounds of appropriate advocacy to the breaking point. Not only is it obvious (as Justice Atwood stated) that the two cases are different, it is abundantly clear (as Justice Atwood readily appreciated) that the two cases seek different shareholder lists.

FHC does not, and cannot, claim to need *clarification* of the Court's order to produce the shareholders list. That order specifically identifies the list to be produced by FHC: "the list of shareholder names and addresses used in connection with the mailing of proxy materials for the [January 22, 2004] Meeting, as described in plaintiff's Document Request No. 3 ... ."[4] Incredibly, however, FHC says the Court should clarify "that portion of its decision wherein it states that 'plaintiff may use the list for any proper purpose' ... ",[5] and persists in refusing to produce the list pending clarification from the Court.[6]

---

[3] Justice Atwood recognized, however, that in the Maine state litigation Mr. Kaplan had provided other more germane reasons why he wanted the list, and dismissed the case without prejudice: " ... nothing in this order may be read as a bar to Kaplan, or others, recommencing their efforts to obtain a copy of FHC's shareholder list and taking the steps they may choose here, or in another court, to compel inspecting and copying such a list." *See* Exhibit 5 to FHC's Motion for Reconsideration or Clarification, at page 7.

[4] Plaintiff's Document Request No. 3 is as follows: "The list of shareholders and addresses used in connection with the mailing of the Proxy Materials for the January 22, 2004 Shareholders Meeting."

[5] It seems quite clear to the plaintiff that this Court's insertion of the phrase "and the plaintiff may use the list for any proper purpose" was in rejection of FHC's attempt in opposing Mr. Kaplan's motion to compel to engraft unfounded restrictions upon Mr. Kaplan's use of the list and to limit Mr. Kaplan in his analysis of the evidence in this case.

[6] Not only does FHC refuse to produce the shareholders list, it refuses to produce the proxies ordered to be produced by the Court. On December 13, 2004, a full two weeks after this Court's order, and after repeated demands from counsel for Mr. Kaplan, FHC produced *redacted* copies of the proxies returned to FHC by its shareholders. As counsel for FHC stated: "In light of the pendency of our motion for clarification or for

3

Mr. Kaplan respectfully suggests that FHC's brazen actions in avoiding its obligations under the applicable discovery rules and this Court's order should not go unnoticed by the Court. FHC's motion for reconsideration or clarification should be summarily denied by the Court, and FHC should be sanctioned for its actions in refusing to comply with this Court's order.

Respectfully submitted,

RICHARD E. KAPLAN,
Plaintiff,

By his attorneys,

/s/ Larry C. Kenna
Larry C. Kenna (BBO #267760)
CHOATE, HALL & STEWART
53 State Street
Exchange Place
Boston, MA 02109
(617) 248-5000

Dated: 12/15/04

---

reconsideration of the Court's November 29, 2004 Order, *we have redacted names and addresses from the proxies.* ..." (emphasis supplied)

4