# Exhibit 6

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD E. KAPLAN, )
)
Plaintiff, )
)
v. ) Civil Action No. 05-10320-NMG
)
FIRST HARTFORD CORPORATION, )
)
Defendant. )

### PLAINTIFF'S SUPPLEMENTAL ANSWERS TO DEFENDANT FIRST HARTFORD CORPORATION'S FIRST SET OF INTERROGATORIES

Pursuant to the Order entered on January 3, 2006, the parties have held a face to face conference on January 18, 2006, to review the issues raised by the Defendant's Motion to Compel. In accordance with the understandings reached between counsel at that conference, Plaintiff supplements his responses to interrogatories 2 through 5 of Defendant's First Set of Interrogatories as follows:

GENERAL OBJECTIONS

1. The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it seeks information that is beyond the scope of discovery in this matter, information protected by a claim of privilege, including without limitation, the attorney-client and/or work product privileges, information prepared in anticipation of litigation or trial, or information otherwise immune from discovery.

2. The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it is overbroad, unduly burdensome, or calls for information that is not reasonably calculated to lead to the discovery of admissible evidence.

3. The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it places a greater burden on the plaintiff than that required by law.

4. The plaintiff Richard E. Kaplan objects to each Interrogatory to the extent that it seeks information that is within the public domain and equally accessible and available to the defendant.

5. These General Objections are incorporated into the plaintiff's answer to each Interrogatory made herein.

ANSWERS

2. State the basis for your contention in paragraph 10 of the Amended Complaint that "in the case of First Hartford, the functions of an audit committee are not fulfilled at all."

ANSWER: The primary function of an audit committee is to assure that the independent auditors are properly auditing the financial records prepared by management. In the case of First Hartford, the Board is made up entirely of the management of the Company (CEO, treasurer and vice president) who are responsible for the financial statements that the auditors are supposed to be auditing. As such, they are in no position to oversee the auditors. In fact, the minutes of the First Hartford board of directors contain no evidence that the board of directors even pretends to fulfill the functions of an audit committee. At Mr. Greenwald's deposition in the 2004 proxy fraud case he was asked who the audit committee consisted of and he answered that it was clear from the proxy materials that there was no audit committee, that the Board of Directors does not hold meetings as an audit committee, and that FHC does not keep records of meetings where there are discussions of the financial statements of the company and accounting concepts and decisions.

3. State the basis for your contention in paragraph 11 of the Amended Complaint that the "First Hartford Board of Directors does not even pretend to fulfill the role of a compensation committee."

ANSWER: The Proxy Statement states that Ellis sets his own compensation and those of the other officers and directors. At Mr. Greenwald's deposition in the 2004 proxy fraud case he was asked who establishes his compensation and the compensation for Mr. Harding and Ellis, and he answered that Ellis establishes everyone's compensation, including his own.

4. State the basis for your contention in paragraph 13 of the Amended Complaint that Neil Ellis entered into "self-dealing transactions" with First Hartford.

ANSWER: The Proxy Materials disclose a very limited amount of information concerning some of the self-dealing between Ellis and FHC. The section entitled "Certain Relationships and Related Transactions" on pages 9-10 of the Proxy Materials reveals that Ellis has guaranteed certain loans made to FHC and received stock pledges in connection with those loans. One loan, a $1,575,000 loan made on or about May 17, 2000 by Ellis's Journal Publishing Company to FHC's Putnam Parkade subsidiary, had interest payable by the FHC subsidiary at prime plus 1% and, in addition, 95% of the economic interest in the Putnam Parkade property. FHC does not maintain documentation of the terms of most of the self-dealing transactions it has entered into with Ellis. Ellis has testified that money moves back and forth between FHC and Ellis-controlled entities on a regular basis. Ellis has also confirmed in his deposition that the Hartford Lubbock and Scitico Gardens transactions involved the transfer of FHC assets to entities owned by Ellis. Greenwald testified that FHC regularly provides services to other Ellis-owned entities for compensation determined by Ellis. Ellis determines his own compensation from FHC.

5. State the basis for your contention in paragraph 14 of the Amended Complaint that First Hartford's Board of Directors "has a long record of permitting, without meetings, actions to benefit themselves at the expense of First Hartford and its shareholders."

ANSWER: The FHC Board of Directors, before these proxy fraud litigations were filed in 2004 and 2005, rarely held meetings, as evidenced by its minute book. One example of an action benefiting themselves is that salary increases to members of the Board have been taken without discussion or approval of the Board at any meeting. The minutes of the meetings of the

Board of Directors that have been produced in these litigations thus far show that the self-dealing transactions referred to have been entered into without discussion and approval at any meeting of the Board of Directors.

Signed under the pains and penalties of perjury this 27th day of January, 2006.

                                              Richard E. Kaplan

As to objections:

Larry C. Kenna (BBO No. 267760)
CHOATE, HALL & STEWART
Two International Place
Boston, MA 02110
(617) 248-5000

Dated: January 31, 2006

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON: 1/31/06.

-4-

4034649v2