UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RICHARD E. KAPLAN, ) | |
| ) | |
| *Plaintiff,* ) | Civil Action Nos. |
| ) | 04-10402-NMG |
| v. ) | 05-10320-NMG |
| ) | 06-01424-NMG |
| FIRST HARTFORD CORPORATION, ) | CONSOLIDATED |
| ) | |
| *Defendant.* ) | |
| ) | |

**DEFENDANT FIRST HARTFORD CORPORATION'S OPPOSITION TO
PLAINTIFF'S MOTION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES**

**I.    Introduction**

In this consolidated action, plaintiff Richard E. Kaplan ("Kaplan") asked the Court for

judgment:  (i) voiding the votes taken at the previous three shareholders meetings; (ii) ordering

that a new shareholder meeting be called and that revised proxies be distributed to all

shareholders; and (iii) awarding Kaplan the costs and expenses, including attorneys' fees,

incurred in bringing this action.  The Court did not award Kaplan any of what he requested.  (See

July 7, 2006 Memorandum of Decision (the "Order") (copy attached as Exhibit "1").)  Instead,

the Court entered limited relief -- not sought by Kaplan -- that the Court deemed appropriate

given the conclusion that the misrepresentations and omissions in First Hartford Corporation

("FHC")'s proxy statements "exceeded the threshold of materiality" only "by a narrow margin."

(Order at 16.)

Notwithstanding that this Court has already denied his request for attorneys' fees and

expenses, Kaplan chose to file the instant Motion for Attorneys' Fees and Expenses (the

"Motion").  For the reasons set forth below, the Court, if it entertains the Motion, should deny

the Motion because Kaplan has not conferred any "substantial benefit" on FHC's shareholders

and, therefore, is not entitled to the relief he seeks.  If, however, the Court determines that an award is appropriate, the award granted -- like the relief granted in the Order -- should be significantly less than what Kaplan seeks.  Finally, under these circumstances, pursuant to Rule 54(d)(2)(C), the Court should permit FHC to file a detailed submission opposing the amount of the award sought by Kaplan.

## II.    Argument

### A.    Kaplan Is Not Entitled To Recover Fees And Expenses

#### 1.    The Court Has Already Denied Kaplan's Request For Attorneys' Fees And Expenses

In each of his three complaints, Kaplan expressly sought an order "[a]warding to the Plaintiff the costs and expenses of this action, including attorneys' fees." (Emphasis added.) Following trial, however, the Court did not grant Kaplan's request.  Instead, the Court chose to "award only prospective relief." (Order at 16 (emphasis added).)  Specifically, the Court ruled that:

> Because . . . 1) those non-disclosures were rendered less serious by virtue of FHC's dire financial status, 2) there is no evidence that shareholders would have voted differently had more complete disclosures been made by FHC and 3) many of plaintiff's claims have been rendered moot by the passage of time and the efforts of FHC to provide more accurate disclosures with each succeeding proxy statement, the Court will award only prospective relief, consisting of an order the future proxy statements shall comply with this decision and that FHC shall provide a copy of this decision with its next proxy statement.

Id. Kaplan should not now be afforded another opportunity to seek relief already denied by this Court.

#### 2.    Kaplan Has Not Conferred A "Substantial Benefit" On FHC's Shareholders

As a general rule, courts may not award attorneys' fees and expenses to a prevailing party absent statutory authority.  See BTZ, Inc. v. Great N. Nekoosa Corp., 47 F.3d 463, 465 (1st Cir.

1995).  In certain limited circumstances, e.g., where the bringing of an action has resulted in a

"substantial benefit" to an ascertainable class, courts have carved out exceptions to this rule.  Id.;

McCafferty v. Local 254, 186 F.3d 52, 58 (1st Cir. 1999).

Here, Kaplan is not entitled to recover his attorneys' fees and expenses because he did

not confer a "substantial benefit" on FHC's shareholders.  Following trial of this action, the

Court did not award Kaplan any of the relief he sought.  Rather, the Court awarded only a

limited, prospective remedy, i.e., that FHC's future proxy statements contain certain additional

information set forth in the Order and that FHC provide a copy of the Order with its next proxy

statement.  The benefit to FHC's shareholders cannot fairly be said to be substantial.

Accordingly, the Court should deny the Motion.  See BTZ, Inc., 47 F.3d at 467 (affirming denial

of application for attorneys' fees where prevailing party did not confer a "substantial benefit" on

others).

In Chambers v. Briggs & Stratton Corp., 893 F. Supp. 861, 862 (E.D. Wis. 1995), the

court denied a plaintiff's request for attorneys' fees under strikingly similar circumstances.  The

plaintiff -- a shareholder in the defendant corporation -- filed a motion for a preliminary

injunction seeking an order voiding the defendant's proxy solicitation and requiring the

defendant to issue a supplemental proxy statement and form of proxy identifying a directorial

candidate (not previously identified) in advance of the next meeting.  Id.  The court ruled that

defendant's failure to identify this individual as a candidate in its proxy statement violated SEC

regulations and ordered the defendant to distribute supplemental proxy statements curing this

defect.  Id.  The court denied the plaintiff's request to distribute a revised form of proxy.  Id.

Plaintiff thereafter filed a motion -- based on the substantial benefit doctrine -- to recoup the

attorneys' fees incurred in connection with the preliminary injunction proceedings. Id. at 863.

In denying the application, the court reasoned as follows:

> [The plaintiff's] request for fees ignores the fact that his claim that the defendant was obligated to include [the candidate's] name on its form of proxy -- arguably the more meaningful claim -- was rejected at the preliminary injunction stage. Thus, it cannot fairly be said that the shareholders substantially benefited from the preliminary injunction proceeding as a whole.

Id.

Here, like the plaintiff in Chambers, Kaplan did not obtain any of the relief he sought in this case, i.e., an order:  (i) voiding the votes taken at the previous three shareholders meetings; (ii) ordering that a new shareholder meeting be called and that revised proxies be distributed to all shareholders; and (iii) awarding Kaplan the costs and expenses, including attorneys' fees, incurred in bringing this action.  Rather, the Court awarded him only limited, prospective relief because the misrepresentations and omissions in FHC's proxy statements "exceeded the threshold of materiality" only "by a narrow margin," and because:

> 1) those non-disclosures were rendered less serious by virtue of FHC's dire financial statute, 2) there is no evidence that shareholders would have voted differently had more complete disclosures been made by FHC and 3) many of plaintiff's claims have been rendered moot by the passage of time and the efforts of FHC to provide more accurate disclosures with each succeeding proxy statement . . . .

(Order at 16.)

In addition, the Court ruled that nearly all of the alleged misrepresentations or omissions in FHC's proxy statements were "either fully and fairly disclosed or, if not, were immaterial."

(Order at 13.)  These included:

> (1)    the denomination of Meeting I as an "annual meeting" and the disclosure of the tenure of the then-current Board of Directors;
>
> (2)    the description of the functions of FHC's audit and compensation committees which FHC was not obligated to have;

(3)    the failure to disclose in Proxy I all known owners of 5% or more of FHC common stock;

(4)    the misstatement that FHC management and directors had all complied with SEC reporting requirements;

(5)    the financial performance graphs included within the proxy statements, notwithstanding the lack of a statement limiting their applicability to small sales of stock;

(6)    the reported process for consideration of candidates to the Board of Directors;

(7)    the characterization of, and recommendation by the Board against, Kaplan's shareholder proposal [citations omitted];

(8)    the failure to describe the put options in Proxies I and II because those omissions were effectively cured in Proxy III; and

(9)    the characterization of non-qualified options as "performance-based compensation" because the terms of the employee compensation plan sufficiently disclosed that some of the compensation would not be directly tied to company performance.

(Order at 13-14.) Absent these allegations, which the Court ruled had no merit, Kaplan's claims of success and of having conferred a "substantial benefit" on FHC's shareholders ring hollow.

Based on the foregoing and on the court's rationale in <u>Chambers</u>, this Court should conclude that Kaplan did not confer a substantial benefit on FHC's shareholders and should deny the Motion.

**B.    If The Court Determines That An Award Of Fees Is Appropriate, The Award Should Be Minimal**

Because the Court awarded Kaplan only limited relief following the trial of this action, any award of attorneys' fees and expenses -- if deemed appropriate by this Court -- should be minimal. It is well-settled that a court may consider the prevailing party's limited success in determining the appropriate amount of an award of attorneys' fees. <u>See, e.g.</u>, <u>Lewis v. Kendrick</u>,

-5-

944 F.2d 949, 956 (1st Cir. 1991) (reversing award of fees altogether where party had achieved only limited success); Krauth v. Exec. Telecard Ltd., No. 95 Civ. 3967, 1996 U.S. Dist. LEXIS 669, at *48 (S.D.N.Y. Jan. 24, 1996) (awarding fees only in connection with the 5 out of 25 claims on which the plaintiff prevailed). Indeed, "'[w]here a plaintiff has achieved only partial or limited success, full compensation of attorney's fees would not be reasonable.'" Krauth, 1996 U.S. Dist. LEXIS 669, at *49; see also Lewis, 944 F.2d at 956 ("Where the plaintiff has achieved only limited success, the district court should award only that amount of fees that is reasonable in relation to the results obtained.") (citing Hensley v. Eckerhart, 461 U.S. 424, 440 (1983)).

Here, as set forth above, Kaplan did not obtain any of the relief he sought in this action but rather was granted an alternative form of limited, prospective relief. Therefore, even if this Court were to determine that an award of fees and expenses is appropriate, the award should be commensurate with the minimal relief granted.

## C. If The Court Decides Some Award Is Appropriate, It Should Bifurcate The Motion Under Rule 54(d)(2)(C)

If the Court decides that Kaplan is entitled to recoup at least some of his attorneys' fees and expenses, the Court should allow FHC to file a detailed submission opposing the amount of the award sought by Kaplan. Fed. R. Civ. P. 54(d)(2)(C) provides that "[t]he court may determine issues of liability for fees before receiving submissions bearing on issues of evaluation of services for which liability is imposed by the court." Fed. R. Civ. P. 54(d)(2)(C) (emphasis added). To avoid the further expense of a time-consuming and potentially unnecessary detailed analysis of the voluminous invoices and supporting data submitted by Kaplan, FHC requests that this Court bifurcate the Motion and determine, as a preliminary matter, whether an award of attorneys' fees and expenses is appropriate. If the Court so determines, FHC will then submit a detailed opposition to the amount of the award that Kaplan seeks. See id.; see also Am. Home

<u>Assurance Co. v. Pope</u>, No. 02-4057-CV-C-SOW, 2006 U.S. Dist. LEXIS 36351 (W.D. Mo. Jan. 23, 2006) (bifurcating motion for attorneys' fees pursuant to Rule 54(d)(2)(C)).

## III.    **Conclusion**

For the foregoing reasons, this Court should deny Kaplan's Motion.  In the alternative, if the Court determines that an award of fees and expenses is appropriate, the award granted should be significantly limited and the Court should permit FHC to file a detailed submission opposing the amount of the award sought by Kaplan.

Respectfully submitted,

FIRST HARTFORD CORPORATION

By its attorneys,

_____/s/Jillian B. Hirsch_____
Jonathan I. Handler, BBO #561475
Jillian B. Hirsch, BBO #659531
DAY, BERRY & HOWARD LLP
One International Place
Boston, MA 02110
(617) 345-4600
                        -and-

John B. Nolan (admitted *pro hac vice*)
DAY, BERRY & HOWARD LLP
CityPlace I
Hartford, CT 06103
(860) 275-0100

Dated:  August 7, 2006

<u>**CERTIFICATE OF SERVICE**</u>

      I, Jillian B. Hirsch, hereby certify that on this 7th day of August 2006, I served a true and correct copy of the foregoing **Defendant First Hartford Corporation's Opposition to Plaintiff's Motion for Award of Attorneys' Fees and Expenses** via e-mail and first class mail on Larry C. Kenna, Choate, Hall & Stewart, Two International Place, Boston, Massachusetts, 02110.

                             /s/ Jillian B. Hirsch
                             Jillian B. Hirsch